713 So.2d 514 (1998)
STATE of Louisiana
v.
Eddie J. RICHARDS.
No. 97-KA-1182.
Court of Appeal of Louisiana, Fifth Circuit.
April 15, 1998.
*515 Margaret S. Sollars, Louisiana Appellate Project, Thibodaux, for Defendant/Appellant Eddie J. Richards.
Paul D. Connick, Jr., Terry M. Boudreaux, Thomas J. Butler, District Attorney's Office, Parish of Jefferson, Gretna, for Plaintiff/Appellee State of Louisiana.
Before BOWES, GOTHARD and DALEY, JJ.
BOWES, Judge.
Defendant, Eddie Richards, appeals his conviction and sentence for possession of a firearm. For the following reasons we affirm.
On July 1, 1996, the Jefferson Parish district attorney filed a bill of information charging defendant with possession of a firearm by a convicted felon, a violation of La. R.S. 14:95.1. Defendant pled not guilty and subsequently filed a motion to suppress evidence, which was heard and denied. On March 5, 1997, defendant waived his right to a jury trial; and on the same day, the court found defendant guilty as charged.[1]
Richards filed a motion for new trial, which was denied by the trial court. Defendant waived sentencing delays, and the court sentenced him to ten years at hard labor without benefit of parole, probation, or suspension *516 of sentence. The court also imposed a fine of $1,000.00 as required by the statute, but suspended it in consideration of defendant's indigent status. On the same day, defendant filed a motion to reconsider the sentence which the trial court also denied. Richards was subsequently granted this appeal.

FACTS AND TESTIMONY
The following facts were derived from the testimony at the hearing on the motion to suppress and at trial.
On the evening of June 5, 1996, Lieutenant Raymond Gibbs and Sergeant Emile Lawson of the Jefferson Parish Sheriff's Office Narcotics Division were on patrol in the Tallow Tree area of Harvey, Louisiana. As they approached the intersection of Greenleaf Drive and the Westbank Expressway, they saw a car, which they subsequently determined was driven by Troy Carter, fail to make a complete stop at a stop sign and they also observed that the car had a temporary license plate of questionable validity.
Using police lights and siren, the officers stopped this vehicle with the intention of issuing a traffic citation. Carter immediately stepped out of his car and Joseph Thompson, a passenger in the back seat, also got out. According to the testimony of both officers, defendant, Richards, who was a passenger in the front seat in the car, also exited with his hands up. The officers testified that defendant then told them "I've got a gun on me." Lt. Gibbs immediately approached defendant and ordered him to place his hands on the car. Defendant complied, and Gibbs did a "pat-down" search of defendant's person during which Gibbs testified that he found and removed a .38 caliber handgun from defendant's waistband. Although Lawson did not see the retrieval, he testified that Gibbs had found the gun in defendant's waistband.
Gibbs placed defendant under arrest, handcuffed him, and advised him of his rights. Upon further searching defendant further, Gibbs found a small plastic bag of marijuana, cigarette rolling papers, and $702.00 in currency in his pants pockets. Gibbs then arrested the defendant for possession of marijuana.
Lawson searched Carter and Thompson, and found no contraband.[2] Computer records also showed that defendant had prior felony convictions. The officers obtained defendant's verbal consent to search his motel room, however, Lawson testified that a subsequent search of the room did not reveal any contraband.
Captain Merril Boling, a latent fingerprint expert with the Jefferson Parish Sheriff's Office, testified that the fingerprints which he had taken from Richards earlier that day matched seven of ten fingerprints on defendant, Richard's, 1992 conviction for cocaine possession. The remaining three fingerprints were too smeared for a positive match.
Defendant testified that the car driven by Carter had come to a complete stop at the stop sign, and as they went to make a right turn, the police siren went off and the driver pulled over. According to defendant's testimony, he stayed in the car for about ten minutes after he and his companions were stopped by Gibbs and Lawson, until several police units arrived at the scene. When he was ordered out of the car, he was not immediately frisked, but instead was questioned by the officers. Defendant further testified that, upon being searched, Officer Gibbs found a motel key, $702.00 in cash (according to Richards, this was money from a civil settlement) and some concert tickets. Defendant also testified that he saw Gibbs go into the car and emerge with the gun that Lt. Gibbs said he had found on the defendant's person.
The defense also produced documents generated by the sheriff's office in connection with the forfeiture of other items in defendant's case. Through the testimony of Captain Kenneth Gaillot, the defense showed that these documents listed Joseph Thompson, and not the defendant, as the owner of the gun. Gaillot explained, however, that the *517 police report stated the weapon was seized from the defendant, and that he used the police report simply as a source of information in composing these documents. Importantly, Gaillot also testified that he had simply transposed Thompson's name with defendant's by mistake.

ASSIGNMENT OF ERROR NUMBER ONE
Defendant asserts that the trial court erred by failing to suppress evidence obtained after an illegal search. In this assignment, he complains that the version of the incident as related by the officers was not credible, and that the evidence seized by Lt. Gibbs and Sgt. Lawson was inadmissible because it was the fruit of an illegal stop.
According to the officers, the driver of the car committed a traffic offense by failing to come to a complete stop at a stop sign. Moreover, the officers suspected that the car's temporary license plate was invalid. In general, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred. See Whren v. United States, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). In addition, the courts of this state have found that traffic violations are valid bases for investigatory stops. See State v. Washington, 96-656 (La.App. 3 Cir. 1/15/97), 687 So.2d 575; State v. Colarte, 96-0670 (La. App. 1 Cir. 12/20/96), 688 So.2d 587, writ denied, 97-1015 (La.10/3/97), 701 So.2d 197; State v. Allen, 93-838 (La.App. 5 Cir. 5/31/94), 638 So.2d 394, writ granted, 94-1754 (La.11/29/94), 646 So.2d 390, writ recalled, 94-1754 (La.3/16/95), 651 So.2d 1343.
Defendant asserts that the alleged traffic violations were a pretext to allow the officers to achieve their actual objective, which was to search all of the car's occupants for contraband. However, in Whren, supra, the United States Supreme Court held that the determination of reasonable grounds for an investigatory stop or probable cause for an arrest does not rest on the officer's subjective beliefs or attitudes, but turns on a completely objective evaluation of all of the circumstances known to the officer at the time of his challenged action. See also State v. Kalie, 96-2650 (La.9/19/97), 699 So.2d 879.
Although the defendant testified that the car did stop at the stop sign, the trial court apparently found the testimony of the police officers to be more credible than that of the defendant. Where there is conflicting testimony as to factual matters, the question of the credibility of the witnesses is within the sound discretion of the trier of fact, who may accept or reject, in whole or in part, the testimony of any witnessandthe credibility of witnesses will not be reweighed on appeal. State v. Rowan, 97-21 (La.App. 5 Cir. 4/29/97), 694 So.2d 1052; State v. Patterson, 473 So.2d 363 (La.App. 5 Cir.1985).
Moreover, the officers had the authority to remove defendant from the car, even though he was not the driver. In Maryland v. Wilson, 519 U.S. 408, 117 S.Ct. 882, 137 L.Ed.2d 41 (1997), the U.S. Supreme Court found that a police officer making a traffic stop has the authority to order all of the vehicle's passengers to get out of the car pending the completion of the stop. Also see State v. Parfait, 96-1814 (La.App. 1 Cir. 5/9/97), 693 So.2d 1232, writ denied, 97-K-1347 (La.10/31/97), 703 So.2d 20. Based on the foregoing, we find it clear that the officers' initial stop of the car was valid.
Subsection B of La.C.Cr.P. art. 215.1 provides that when an officer has stopped a person and suspects that the person has a dangerous weapon, he may conduct a search of that person. State v. Belton, 441 So.2d 1195 (La.1984); State v. Stevens, 95-501 (La. App. 5 Cir. 3/26/96), 672 So.2d 986. The officers testified (at trial and at the hearing on the motion to suppress) that after they stopped the car, the defendant told them he had a gun on his person. At trial, the defendant denied having made such an admission, but the trial court apparently found the officers' testimony more credible. Since the trial court has the sound discretion to make such a credibility determination, as pointed out supra, we find that the officers did have a valid basis for searching the defendant for weapons.
Accordingly, we hold that the trial court did not err in failing to suppress the gun *518 seized by the officers. This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER TWO
The verdict was contrary to the law and evidence presented at trial.
By this assignment, defendant complains that the evidence at trial was insufficient to prove the offense of convicted felon in possession of a firearm.
The constitutional standard for testing the sufficiency of the evidence, as enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based in proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. State v. Rosiere, 488 So.2d 965 (La. 1986); State v. Honore, 564 So.2d 345 (La. App. 5 Cir.), writ denied, 569 So.2d 968 (La.1990). The elements of possession of a firearm by a convicted felon are:
1. status of the defendant as a convicted felon;
2. an instrumentality defined as a firearm; and
3. physical and/or constructive possession of the firearm by the defendant.
State v. Brooks, 496 So.2d 1208 (La.App. 5 Cir.1986), and the cases cited therein.
Defendant contends first that the state did not prove he was the person who was convicted of the predicate felony alleged in the bill of information. The prior conviction, for possession of cocaine, was obtained in 1992. Fingerprint expert, Merril Boling, testified at trial that fingerprints he had taken from defendant earlier that day (State's Exhibit One) matched the fingerprints on the bill of information in the 1992 cocaine case. (State's Exhibits One and Two). As stated above, Boling testified that he was only able to match prints as to seven of ten fingers, because three of the prints on the bill of information were smeared, and thus unreadable. Defendant contends that because Boling was unable to match all ten prints, the state did not link him to the prior conviction. We find, however, that Boling's testimony was quite sufficient to tie defendant to the prior conviction, since Boling was able to match all of the readable fingerprints. Even without Boling's testimony, the proof of defendant's 1992 conviction is sufficient, as defendant himself admitted to it under cross-examination.
Defendant further argues that the state's proof as to possession was insufficient because in the officers' testimony he stated that defendant's admission to having a gun was not believable. Both Lt. Gibbs and Sgt. Lawson testified at trial that defendant spontaneously admitted to having a gun. The trial court obviously judged the officers' testimony to be more credible than defendant'sand, as stated hereinabove, the trial court's determination of credibility is within its sound discretion and we will not weigh it again on appeal.
Viewing the evidence at trial in a light most favorable to the state (but even without doing so), we hold that the proof was sufficient for a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt.
Therefore, this assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER THREE
Finally, the defendant argues that the sentence imposed by the trial court was excessive; and that under the circumstances, it amounted to cruel, unusual and excessive punishment.
Defendant here complains that his sentence of ten years is constitutionally excessive. The Eighth Amendment to the United States Constitution and Article l, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. State v. Lobato, 603 So.2d 739 (La.1992); State v. Munoz, 575 So.2d 848 (La.App. 5 Cir.), writ denied, 577 So.2d 1009 (La.1991). Even a sentence within the prescribed statutory *519 limit may violate a defendant's right against excessive punishment. State v. Sweeney, 443 So.2d 522 (La.1983); State v. Brumley, 97-104 (La.App. 5 Cir. 9/17/97), 700 So.2d 876. Once imposed, a sentence will not be set aside absent a showing of manifest abuse of the trial court's wide discretion to sentence within mandatory statutory limits. State v. Carter, 96-358 (La.App. 5 Cir. 11/26/96), 685 So.2d 346.
Defendant argues that, although he received the minimum term provided under La. R.S. 14:95.1, the sentence constitutes cruel and unusual punishment, and the trial court should have gone below the statutory minimum. However, defendant does not give any reasons why the trial court's sentence is excessive under the facts and circumstances of his case.
One of the traditional, inherent and exclusive powers of the judiciary is the power to sentence. State v. LeCompte, 406 So.2d 1300, 1311 (La.1981) (on rehearing). After a defendant is convicted of a crime, the determination of his sentence is within the sound discretion of the trial judge. State v. Jackson, 298 So.2d 777, 780 (La.1974). However, the trial judge's sentencing discretion is not unbridled, as the legislative branch of government is free to decide what constitutes a crime as well as `what punishments shall be meted out by a court after the judicial ascertainment of guilt.' State v. Normand, 285 So.2d 210, 211 (La. 1973). Therefore, the fixing of penalties is purely a legislative function, but the trial judge has the discretion to determine the appropriate sentence within the sentencing range fixed by the legislature.
It is a well established principle that it is the legislature's prerogative to determine the length of the sentence imposed for crimes classified as felonies. State v. Dorthey, 623 So.2d 1276, 1278 (La.1993).

State v. Rome, 696 So.2d 976 (La.1997).
Under the clear language of La. R.S.14.95.1 the trial judge was required to sentence defendant to at least the minimum sentence of ten years. This assignment of error is without merit.

ERRORS PATENT DISCUSSION
The record was also reviewed for errors patent. La.C.Cr.P. art. 920. State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990); and State v. Godejohn, 425 So.2d 750 (La. 1983). The review reveals one patent error. In the present case, the trial judge did not inform defendant of the prescriptive period for post-conviction relief as is mandated by La.C.Cr.P. art. 930.8 C. Accordingly, the trial court is directed to inform defendant of the provisions of La.C.Cr.P. art. 930.8 by sending the appropriate written notice to defendant within ten days of the rendition of this opinion and to file written proof in the record that defendant received such notice. See State v. Kershaw, 94-141 (La.App. 5 Cir. 9/14/94), 643 So.2d 1289; State v. Procell, 626 So.2d 954 (La.App. 3 Cir.1993); State v. Sumlin, 605 So.2d 608 (La.App. 2 Cir.1992).
For the reasons stated above, we hereby affirm defendant's conviction and the sentence and this case is remanded to the trial court for further action consistent with this opinion.
AFFIRMED.
NOTES
[1] The defendant was also charged with, and tried on a separate charge of possession of marijuana (La.R.S. 40:966). Defendant was found guilty on that charge also, but it is not the subject of this appeal.
[2] However, a computer check revealed that Thompson was wanted on outstanding attachments in Gretna, Louisiana. Thompson was arrested because of the attachments and Lawson issued a citation to Carter for driving without a license.