718 So.2d 537 (1998)
STATE of Louisiana
v.
Willie D. CHISLEY.
No. 98-KA-169.
Court of Appeal of Louisiana, Fifth Circuit.
July 28, 1998.
*538 Paul D. Connick, District Attorney, Terry M. Boudreaux, Assistant District Attorney, Gretna, for Plaintiff-Appellee.
Bruce G. Whittaker, Gretna, for Defendant-Appellant.
Before DUFRESNE and GOTHARD, JJ., and ROBERT MURPHY, J. Pro Tem.
DUFRESNE, Judge.

STATEMENT OF THE CASE
The defendant, Willie D. Chisley, was charged with two counts of distribution of cocaine, in violation of LSA-R.S. 40:967(A). He withdrew his former not guilty plea and pled guilty as charged. Defendant executed a waiver of rights form, and after a Boykin colloquy with defendant, the trial judge accepted defendant's guilty plea. Thereafter, the trial judge sentenced the defendant in conformity with the plea agreement to serve 10 years imprisonment at hard labor on each count, with the sentences to run concurrently. The court also recommended that the defendant receive substance abuse treatment in the Blue Walter Program. As part of the plea agreement, the state agreed not to file a multiple bill of information against defendant. This appeal followed.

FACTS
Because this conviction is the result of a guilty plea, the following factual statement was developed from the bill of information. The state alleged in both counts of the bill of information that on July 22, 1996, the defendant knowingly or intentionally distributed a controlled dangerous substance, cocaine, in violation of LSA-R.S. 40:967(A). (R., p. 2-3).

SUFFICIENCY OF ANDERS BRIEF
In the present case, the defense counsel has filed a brief that follows the procedure approved by the United States Supreme Court in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), reh. denied, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967) and discussed in State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir.1990).
After an independent review of the record and of appellant counsel's brief, we find that the appellant counsel adequately reviewed the procedural history of the case and the evidence presented at trial, and provided "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place," as required by the Louisiana Supreme Court. See State v. Mouton, 95-0981 (La.1995), 653 So.2d 1176, 1177.

ERROR PATENT DISCUSSION
We have reviewed the record and find that the trial judge failed to advise defendant of the mandatory minimum and maximum penalties. The record also reflects that the trial judge failed to specifically advise defendant of the elements of distribution of cocaine.
LSA-C.Cr.P. art. 556.1(A) requires the trial judge to inform defendant of the "nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law." In the *539 present case, defendant pled guilty to two counts of distribution of cocaine, a violation of LSA-R.S. 40:967(A), which is punishable by not less than five years imprisonment at hard labor, nor more than thirty years. An additional fine of not more than $50,000.00 may also be imposed. LSA-R.S. 40:967(B)(1). The plea colloquy indicates that the trial judge failed to advise defendant of these provisions before accepting the plea. Moreover, the record is devoid of any evidence that either defense counsel, the trial court, the State's attorney, or anyone else discussed the nature of the crime or the sentencing exposure with defendant. Based on the reasoning set forth in State v. Reynolds, 98-170 (La.App. 5 Cir. 7/28/98), 716 So.2d 485, we conclude that under the circumstances presented herein, the omissions in the Article 556.1 colloquy are reversible error requiring that the plea be vacated.
We also note that the trial judge failed to accurately advise defendant of the time limitations that govern filing applications of postconviction relief as required by LSA-C.Cr.P. art. 930.8(C). Paragraph A of that article provides that a defendant has three years after his judgment of conviction and sentence becomes final within which to apply for postconviction relief. Here, the trial judge informed defendant that there was a "three year time prescriptive period regarding any post conviction relief motions." We note this error so that the trial court may accurately advise defendant of the prescriptive period upon remand of these proceedings.

DECREE
For the foregoing reasons, the conviction and sentence are vacated, and the matter is remanded to the trial court for further proceedings in accordance with this opinion. Defense counsel's motion to withdraw is denied at this time.
CONVICTION AND SENTENCE ARE VACATED; MATTER REMANDED.