726 So.2d 444 (1999)
STATE of Louisiana
v.
Carl L. RUSSELL.
No. 98-KA-682.
Court of Appeal of Louisiana, Fifth Circuit.
January 13, 1999.
*445 Margaret S. Sollars, Thibodaux, Louisiana, for Appellant Carl L. Russell.
Paul D. Connick, Jr., District Attorney, Rebecca J. Becker, Terry Boudreaux, Joan Benge, Assistant District Attorneys, Gretna, Louisiana, for Appellee State of Louisiana.
Panel composed of Judges H. CHARLES GAUDIN, SOL GOTHARD and JAMES L. CANNELLA
CANNELLA, Judge.
Defendant, Carl Russell, appeals his conviction of possession of a firearm by a convicted felon. We affirm the conviction, vacate and set aside the sentence, and remand for resentencing.
Defendant was charged with violating R.S. 14:95.1 on December 5, 1996. He pled not guilty at his arraignment and afterwards filed a Motion to Suppress the evidence. The motion was heard on June 27, 1997 and denied on July 11, 1997. Defendant waived his right to a jury trial and a judge trial commenced on November 20, 1997. The trial was recessed until the following day. On November 21, 1997, neither defendant nor his witnesses appeared in court. Defense counsel moved for a continuance and it was denied. An attachment was issued for defendant's arrest. The trial judge, over defense objection, proceeded with trial. The trial judge found defendant guilty as charged in absentia.
The sentencing hearing was held on December 12, 1997. Defendant again failed to appear. Nevertheless, the trial judge sentenced the defendant in absentia to ten years imprisonment at hard labor, without benefit of probation, parole or suspension of sentence. The defendant filed a motion to reconsider the sentence. Defendant was present at the hearing to reconsider sentence on January 21, 1998, when the trial judge denied the motion and recalled the attachment.
Deputy Dana Parker of the Jefferson Parish Sheriff's Office testified that on November 18, 1996 she stopped a red Nissan Maxima at the intersection of Gretna and Stumpf Boulevards for running two stop signs. Another officer, Sgt. Bruce Chauvet, also arrived at the scene. Deputy Parker requested that the driver of the car, defendant, exit the car with license, registration and insurance information. At that point, Deputy Parker ran a routine computer check on defendant's name and found that there were two outstanding warrants for his arrest. The officer arrested defendant and placed him in the back of her police car. Deputy Parker testified that she then visually checked the interior of the car. She and Sgt. Chauvet observed the butt of a handgun sticking out from under the passenger seat. After locating the handgun under the seat of the vehicle, Deputy Parker asked defendant if there was anything else to be found in the car. Defendant told her that his hunting rifle was in the car trunk. Deputy Parker and Sgt. Chauvet recovered a loaded rifle from the trunk.[1]
Sgt. Chauvet corroborated Deputy Parker's testimony. Sgt. Chauvet testified that, after Deputy Parker placed the defendant under arrest, he began to search the vehicle "incidental to arrest." Sgt. Chauvet went to the driver's side of the vehicle and asked the passenger to exit the car. After finding the gun in the car, Sgt. Chauvet had Deputy Parker checked to see if the defendant had any prior felony convictions. Upon finding out that the defendant had a prior felony conviction, Sgt. Chauvet removed the keys from the ignition and advised Deputy Parker to open the trunk. Upon opening the trunk the police officers found the rifle. Sgt. Chauvet also testified about the passenger, who became combative and was also placed under arrest.
*446 The defense had asked for a continuance in order to have defendant present. It was denied and they rested "under objection" without presenting any testimony.
On appeal, defendant asserts that the trial judge erred by failing to suppress evidence obtained after an illegal search and/or that the trial judge erred by resuming the trial and sentencing him when he was not present.
Defendant first argues that the officers illegally searched the trunk in the absence of a search warrant and that the evidence (the rifle) found in the defendant's truck should have been suppressed.
Unlawful searches and seizures are prohibited by the Fourth Amendment to the United States Constitution and Article I, Section 5 of the Louisiana Constitution. Generally, searches may be conducted only pursuant to a warrant which has been issued by a judge on the basis of probable cause. La.C.Cr.P. Art. 162. Warrantless searches and seizures are unreasonable per se unless justified by one of the specific exceptions to the warrant requirement. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 2043, 36 L.Ed.2d 854 (1973); State v. Tatum, 466 So.2d 29, 31 (La.1985). The State bears the burden of proving that one of these exceptions applies. State v. Tatum, 466 So.2d at 31.
Whether evidence was seized in violation of the Fourth Amendment is a determination to be made by the trial judge, whose factual findings are entitled to great weight on appeal. State v. Ellis, 94-599 (La.App. 5th Cir. 5/30/95), 657 So.2d 341, 353, writs denied, 95-2095 (La.12/8/95), 664 So.2d 421, 95-1639 (La.1/5/96), 666 So.2d 300.
Automobiles are accorded less protection against warrantless searches due to their inherent mobility and a citizen's lesser expectation of privacy. State v. Bailey, 97-493 (La.App. 5th Cir. 11/12/97), 703 So.2d 1325, 1328. The current standard for warrantless searches of automobiles under the Fourth Amendment was expressed in United States v. Ross, 456 U.S. 798, 824, 102 S.Ct. 2157, 2173, 72 L.Ed.2d 572 (1982). In that case, the United States Supreme Court held that police officers who have legitimately stopped an automobile and who have probable cause to believe that contraband is concealed within may conduct a search of the vehicle that is as thorough as a magistrate could require in a warrant. See also: California v. Acevedo, 500 U.S. 565, 580, 111 S.Ct. 1982, 1991, 114 L.Ed.2d 619 (1991).
The "automobile exception," to the warrant requirement is based upon the existence of probable cause to search and exigent circumstances. State v. Tatum, 466 So.2d at 31. Probable cause to search an automobile exists when the total circumstances allow the conclusion that there is a fair probability that contraband or evidence of a crime will be found in a particular location. State v. Pittman, 95-382 (La.App. 5th Cir. 10/1/96), 683 So.2d 748, 764. For constitutional purposes, there is no difference between seizing and holding a car before presenting the probable cause issue to a magistrate and carrying out an immediate search without a warrant. State v. Tatum, 466 So.2d at 31; State v. Pittman, 683 So.2d at 764. Given probable cause to search, either course is reasonable under the Fourth Amendment and Louisiana Constitution. State v. Tatum, 466 So.2d at 31; State v. Pittman, 683 So.2d at 764
Exigent circumstances exist when it is impractical to obtain a warrant due to the possibility that the car could be moved either by its occupants, if not arrested, or by someone else. State v. Tatum, 466 So.2d at 31-32; State v. Pittman, 683 So.2d at 764. An immediate warrantless search is therefore constitutionally permissible when the car is movable, the occupants are alerted and the car's contents may never be found again if a warrant must be obtained. State v. Tatum, 466 So.2d at 32; State v. Pittman, 683 So.2d at 764; State v. Zapata, 97-1230 (La.App. 5th Cir. 5/27/98), 713 So.2d 1152,1160.
In California v. Acevedo, the United States Supreme Court held that under the automobile exception to the warrant requirement, a police officer could search the trunk of an automobile and the containers within, where he had probable cause to believe contraband or evidence was contained there. California v. Acevedo, 111 S.Ct. at 1991.
*447 In this case, defendant told Deputy Parker that he had a rifle in the car trunk after the deputy determined that he was a convicted felon. Thus, there was a fair probability that contraband or evidence of a crime would be found there. Accordingly, we find that the trial court did not err in denying the motion to suppress.
Second, defendant argues that the trial judge erred by resuming the trial when he was not present.
La.C.Cr.P. art. 831 provides:
A defendant charged with a felony shall be present:
(1) At arraignment;
(2) When a plea of guilty, not guilty, or not guilty and not guilty by reason of insanity is made;
(3) At the calling, examination, challenging, impanelling, and swearing of the jury, and at any subsequent proceedings for the discharge of the jury or of a juror;
(4) At all times during the trial when the court is determining and ruling on the admissibility of evidence;
(5) In trials by jury, at all proceedings when the jury is present, and in trials without a jury, at all times when evidence is being adduced; and
(6) At the rendition of the verdict or judgment, unless he voluntarily absents himself;
La.C.Cr.P. art. 832 provides for when a defendant's continued presence is not required, stating in pertinent part:
A. A defendant initially present for the commencement of trial shall not prevent the further progress of the trial, including the return of the verdict, and shall be considered to have waived his right to be present if his counsel is present or if the right to counsel has been waived and:
1) He voluntarily absents himself after the trial has commenced, whether or not he has been informed by the court of his obligation to be present during the trial;
* * * * * *
A defendant who freely and voluntarily absents himself from his trial waives his right to be present. La.C.Cr.P. art. 832(A); State v. Tate, 95-1152 (La.App. 3rd Cir. 3/6/96), 670 So.2d 671, 672; State v. Addison, 93-1872 (La.App. 1st Cir. 10/7/94), 644 So.2d 767, 770, conditionally affirmed and remanded, 657 So.2d 974 (1995); State v. Williams, 96-476 (La.App. 3rd Cir. 4/30/97), 693 So.2d 870, 875, writ denied, 97-1365 (La. 10/31/97), 703 So.2d 20. See: State v. Bolton, 408 So.2d 250, 258 (La.1981); Taylor v. United States, 414 U.S. 17, 19, 94 S.Ct. 194, 196, 38 L.Ed.2d 174 (1973).
In State v. Bindom, 460 So.2d 68 (La. App.1st Cir.1984), the First Circuit held that the trial judge erred in continuing the trial in the absence of defendant on the second day of trial. However, in that case, defense counsel had to leave prior to resumption of the trial due to an emergency. Another attorney was substituted for assigned counsel, who moved for a continuance based on his lack of preparation and defendant's absence. For both reasons, the First Circuit determined that the trial judge should have continued the trial.
In this case, there is no explanation of why defendant was absent from the second day of trial. At trial, defense counsel stated that he did not agree to his client's absence and believed that the defendant must have encountered "some mishap."[2] However, we find that statement is insufficient to show that defendant's absence was not voluntary. Accordingly, we find that defendant's absence on the second day of trial was voluntary and that the trial judge did not err in denying the motion for a continuance.
In his third argument, defendant asserts that the trial judge erred by pronouncing sentence when he was not present in court.
Defendant failed to appear for the sentencing hearing. The record reflects that the attachment was still outstanding. During the hearing, the clerk informed the trial judge that notices had been sent to defendant and his father, and that defendant's father informed the clerk that he was unable to locate his son. The assistant district attorney *448 asked the trial court to set a "rule to produce." The trial judge refused and sentenced defendant, stating "Mr. Russell was tried in absentia and he is sentenced in absentia." Defense counsel objected.[3]
La.C.Cr.P. Article 835 provides:
In felony cases the defendant shall always be present when sentence is pronounced. In misdemeanor cases the defendant shall be present when sentence is pronounced, unless excused by the court. If a sentence is improperly pronounced in the defendant's absence, he shall be resentenced when his presence is secured.
The state concedes that the trial court violated the mandatory provisions of La. C.Cr.P. art. 835 and that defendant must be resentenced. Accordingly, the sentence is vacated and set aside and the case is remanded for resentencing.

ERROR PATENT
La.C.Cr.P. art. 920 provides: "the following matters and no others shall be considered on appeal: (1) A error designated in the assignments of error; and (2) A error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." We find no error patent that would affect defendant's conviction.
Accordingly, defendant's conviction is hereby affirmed and his sentence is vacated and set aside. The case is remanded for resentencing.
CONVICTION AFFIRMED; SENTENCE VACATED AND SET ASIDE; CASE REMANDED FOR RESENTENCING.
NOTES
[1] Judicial notice was taken that the rifle was a SKS, although the officers identified it as an AK-47.
[2] (R., p. 113).
[3] (R, pp. 133-134).