|,DALEY, J.
Defendant Terell Phipps appeals his conviction as a felon in possession of a firearm, a violation of LSA-R.S. 14:95.1. On appeal, he argues that the state presented insufficient evidence that he had a prior felony conviction. We affirm.
The facts established at trial indicate that Deputy Donald Clogher testified that he was patrolling a high crime area on the east bank of Jefferson Parish on December 12, 1997, when he saw defendant at around 11:30 p.m. Deputy Clogher testified that the defendant was the only subject in the area, and he especially noticed the defendant’s bright red 49ers jacket. Originally, the defendant was walking towards the officers, reaching into his waistband, but turned around when he saw the officers and reached into his waistband nervously. Deputy Clogher testified that his actions were consistent with concealing a weapon.
The deputies stopped the patrol car to investigate the defendant’s behavior and called to Phipps to stop, whereupon Phipps turned and ran. As he ran, Deputy 13Clogher testified he saw defendant reach into his waistband and pull out a gun, which he pitched to the ground. Deputy Clogher continued chasing the defendant. His partner, Officer Imbornone, observed these events and retrieved the gun from the ground, and returned to his vehicle.
Defendant continued running towards Airline Highway. Clogher radioed this information to Officer Imbornone, who had taken up pursuit in the car. During the chase, Mr. Phipps hid under a dump truck. Officer Imbornone located Mr. Phipps and ordered him out from underneath the truck. Officer Imbornone testified that defendant’s red jacket made it impossible for him to conceal himself. Mr. Phipps resisted arrest, but after a struggle, the defendant was cuffed and moved to the back of the police unit, where Deputy Clo-gher advised him of his Miranda rights.
At the lockup, the defendant’s name was checked in the NCIC computer, which showed he had past convictions for simple robbery and armed robbery.
At the close of the state’s case, the prosecution introduced a certified copy of a bill of information, written waiver of rights on entry of plea of guilty, and minutes of court at the hearing evidencing the fact that Terell Phipps in open court was advised of his rights and plead guilty to the charge of simple robbery on December 12, 1994, at the 24th JDC, No. 92-3433, in a matter entitled State v. Terell Phipps. The defense objected to the introduction of the prior court record on the grounds that the documents were hearsay and the documents were insufficient proof. The exhibit was admitted.
Defendant took the stand and testified in his own defense. He admitted to having previous convictions in 1993 and 1995 for simple robbery and armed robbery. He denied that he was carrying a gun that night, and he also denied that he struck the officers as he was apprehended.
14Analysis
Under LSA-R.S. 14:95.1, to convict a defendant of possession of a firearm by a convicted felon, the state is required to prove beyond a reasonable doubt: (1) possession of a firearm; (2) previous conviction of an enumerated felony; (3) absence of the ten-year statutory period of limitation; and (4) general intent to commit the offense. State v. Husband, 437 So.2d 269 (La.1983); State v. Tatum, 27, 301 (La.App.2 Cir.9/27/95), 661 So.2d 657.
Phipps argues that the state failed to prove that he had a prior felony conviction, and that they failed to show the ten year cleansing period between the past conviction and the present one.
Phipps argues that the state’s proof of his prior conviction is insufficient because the state failed to call a fingerprint expert to match the identity of the fingerprints on the bill of information of the previous conviction from 1994 with Mr. Phipps’ prints, *605 the defendant at trial in this matter. Appellant’s argument that the state failed to link the identities of appellant to the person who plead guilty to simple robbery in case # 92-3433 is defeated by appellant’s testimony at trial. Defendant took the stand and admitted his previous convictions in 1993 and 1995 for simple robbery and armed robbery.
BY MR. COUNCIL:
Q. Mr. Phipps, have you been convicted, sir?
A. Yeah; armed robbery and simple robbery.
$$$$$$
Q. What year was that?
A. ’93 and ’95.
The introduction of Terell Phipps’, certified trial court records of the previous Isfelony conviction, combined with the defendant’s admission to the previous conviction, is sufficient proof of the defendant’s previous conviction without the necessity of testimony from a fingerprint expert. See State v. Richards, 97-1182 (La.App. 5 Cir. 4/15/98), 713 So.2d 514, which held “Even without [the fingerprint expert’s] testimony, the proof of defendant’s 1992 conviction is sufficient, as defendant himself admitted to it under cross-examination.” See also State v. Washington, 30, 108 (La.App. 2 Cir. 12/10/97), 705 So.2d 254.
Likewise, there is sufficient proof that the ten year cleansing period between defendant’s prior conviction (in 1994) and his arrest for the instant charge in 1997 did not elapse. These assignments of error have no merit.
A review of the record reveals no errors patent.
AFFIRMED.