746 So.2d 173 (1999)
STATE of Louisiana
v.
Clarence HENDERSON.
No. 99-KA-471.
Court of Appeal of Louisiana, Fifth Circuit.
October 26, 1999.
*175 Paul D. Connick, Jr., District Attorney, Rebecca J. Becker, Terry Boudreaux, Frank Brindisi, Assistant District Attorneys, Gretna, Louisiana, Attorneys for Appellee..
Rudy W. Gorrell, New Orleans, Louisiana, Attorney for Appellant.
Panel composed of Judges H. CHARLES GAUDIN, JAMES L. CANNELLA and MARION F.
EDWARDS, Judge.
Defendant Clarence Henderson appeals his conviction for possession of marijuana with intent to distribute, a violation of La. R.S. 40:966(A). We affirm the conviction and sentence, amend the commitment and remand as follows.
In October, 1998, defendant was charged with the above crime. After an initial plea of not guilty, defendant filed various motions including a motion to suppress evidence. The motion to suppress was submitted on the police report. On January 19, 1999, following a lengthy pretrial conference, the court denied the motion and defendant withdrew his plea of not guilty, entering a plea of guilty pursuant to State v. Crosby, 338 So.2d 584 (La.1976). After waiving sentencing delays, defendant was given a suspended sentence of five years at hard labor, with three years active probation. He was further ordered to pay a fine of $750.00 and all court costs; a probation supervision fee of $30.00 per month and a commissioner's fee of $100.00.
On appeal, defendant urges error by the trial court in the denial of his motion to suppress, asserting that such ruling violates the recent ruling in Knowles v. Iowa, 525 U.S. 113, 119 S.Ct. 484, 142 L.Ed.2d 492 (1998).
The police report indicates the only facts of record. In that report, Louisiana State Trooper David Burke stated that on September 24, 1998, he was traveling on Pailet Street in a marked state police unit when he observed a dark colored two-door vehicle roll through a stop sign. The officer stopped the car, which was driven by the defendant, for the traffic violation and instructed the driver to exit the vehicle. As he approached the car he observed a wooden pipe in the front left defrost vent. The pipe contained green vegetable matter which the officer identified as marijuana. Trooper Burke confronted the defendant about the contents of the pipe at which point defendant became very nervous. The officer directed the defendant to the back of his vehicle. Upon opening the glove box to retrieve the vehicle registration, a black cloth bag obscuring those documents was found. As the trooper placed the bag on the front seat, numerous plastic bags containing green vegetable matter fell out. The officer recognized that the bags contained marijuana. At that point, defendant was placed under arrest advised of his rights, and transported *176 for booking. Defendant's car was subsequently towed.
The defendant does not contest the validity of the initial traffic stop. Further, the police report establishes that the defendant committed a traffic offense in failing to come to a complete stop at a stop sign. The decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred. See Whren v. United States, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996); State v. Richards, 97-1182 (La.App. 5th Cir. 4/15/98), 713 So.2d 514, 517. Traffic violations are valid bases for investigatory stops. See State v. Kalie, 699 So.2d 879, 881 (La.1997); State v. Richards at 517; State v. Gordon, 93 1922 (La.App. 1st Cir. 11/10/94), 646 So.2d 995, 1000. Once the vehicle is validly stopped, the officer had authority to order defendant out of the car. See Pennsylvania v. Mimms, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331; State v. Richards at 517.
Generally, searches may be conducted only pursuant to a warrant which has been issued by a judge on the basis of probable cause. La.C.Cr.P. Art. 162. Warrantless searches and seizures are unreasonable per se unless justified by one of the specific exceptions to the warrant requirement. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 2043, 36 L.Ed.2d 854 (1973); State v. Tatum, 466 So.2d 29, 31 (La.1985); State v. Russell, 98-682 (La.App. 5th Cir. 1/13/99), 726 So.2d 444, 446. The State bears the burden of proving that one of these exceptions applies. State v. Tatum, 466 So.2d at 31; State v. Russell at 446. Whether evidence was seized in violation of the Fourth Amendment is a determination to be made by the trial judge, whose factual findings are entitled to great weight on appeal. State v. Ellis, 94-599 (La.App. 5th Cir.5/30/95), 657 So.2d 341, 353, writs denied, 95-2095 (La.12/8/95), 664 So.2d 421, 95-1639 (La.1/5/96), 666 So.2d 300.
As Trooper Burke approached the defendant's vehicle after the legal stop, he saw the pipe containing marijuana in the left front defrost vent. Defendant contends that it was necessary for the state to show the "precise location or position" of the pipe, that is, whether the pipe was straight up, tilted, or down and whether the officer approached the driver's or passenger's side. We disagree. An object such as a pipe placed in the front window of an automobile is obvious and in plain view. Under the "plain view" doctrine, if the police are lawfully in a position from which they view an object, if its incriminating character is immediately apparent, and if the officers have a lawful right of access to the object, they may seize it without a warrant. See Horton v. California, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990); State v. Stamp 98-193 (La.App. 5th Cir. 7/28/98),718 So.2d 531, 533; State v. Perkins, 97-1119 (La.App. 3rd Cir. 6/17/98), 716 So.2d 120, 126. Considering that Trooper Burke had lawfully stopped the defendant and had approached his vehicle, there was justification for being beside the vehicle. The officer then observed the pipe and its contents which he recognized as contraband and therefore could reasonably be viewed as evidence incriminating the defendant. The pipe and its contents were lawfully seized.
Defendant contends that the officer lacked authority to search the glove compartment even for registration papers and even after discovering marijuana in the pipe, because the search was not incident to an arrest. Defendant was not under arrest at the time of the search. Defendant further argues that the action was not an inventory search nor was there consent to search.
We do not find it necessary to address the above arguments because we find that with regard to the marijuana in the glove compartment, another exception to the warrant requirement applies. The "automobile exception," is based upon the existence of probable cause to search and *177 exigent circumstances. State v. Tatum, 466 So.2d at 31; State v. Freeman, 97-1115 (La.App. 5th Cir. 12/29/98), 727 So.2d 630, 635.
Automobiles are accorded less protection against warrantless searches due to their inherent mobility and a citizen's lesser expectation of privacy. State v. Bailey, 97-493 (La.App. 5th Cir. 11/12/97), 703 So.2d 1325, 1328. The current standard for warrantless searches of automobiles under the Fourth Amendment was expressed in United States v. Ross, 456 U.S. 798, 824, 102 S.Ct. 2157, 2173, 72 L.Ed.2d 572 (1982). In that case, the United States Supreme Court held that police officers who have legitimately stopped an automobile and who have probable cause to believe that contraband is concealed within may conduct a search of the vehicle that is as thorough as a magistrate could require in a warrant. See also: California v. Acevedo, 500 U.S. 565, 580, 111 S.Ct. 1982, 1991, 114 L.Ed.2d 619 (1991).

State v. Russell at 446.
For constitutional purposes, there is no difference between seizing and holding a car before presenting the probable cause issue to a magistrate and carrying out an immediate search without a warrant. State v. Tatum, 466 So.2d at 31; State v. Pittman, 683 So.2d at 764. Given probable cause to search, either course is reasonable under the Fourth Amendment and Louisiana Constitution. State v. Tatum, 466 So.2d at 31; State v. Pittman, 683 So.2d at 764.
Probable cause to search defendant's car in the present case was established when Trooper Burke saw marijuana in the defrost vent. See State v. Pittman; State v. Paggett 28,843 (La.App. 2nd Cir. 12/11/96), 684 So.2d 1072. There was a fair probability that additional contraband would be found in the vehicle.
Exigent circumstances exist when it is impractical to obtain a warrant due to the possibility that the car could be moved either by its occupants, if not arrested, or by someone else. State v. Tatum, 466 So.2d at 31-32; State v. Pittman, 683 So.2d at 764. An immediate warrantless search is therefore constitutionally permissible when the car is movable, the occupants are alerted and the car's contents may never be found again if a warrant must be obtained. State v. Tatum, 466 So.2d at 32; State v. Pittman, 683 So.2d at 764; State v. Russell at 446.
Considering the ready mobility of the car, the fact that marijuana was already known to be in the vehicle by the time the officer opened the glove compartment, and the defendant's reduced expectation of privacy, we find the search valid.
Knowles v. Iowa, supra, cited by defendant, involved a case in which a motorist was stopped for speeding and whose vehicle was subsequently searched without probable cause. The court declined to extend the authority for a full field search in a case where "the concern for destruction or loss of evidence is not present at all." Knowles, 119 S.Ct. at 488. Thus Knowles is inapplicable to the present case.
We find no error in the denial of defendant's motion to dismiss. This assignment of error is without merit.

PATENT ERROR
We have examined the record for patent error according to La.C.Cr.P. Art. 920 and State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Pittman, 585 So.2d 591 (La.App. 5th Cir.1991), writ denied, 586 So.2d 545 (La.1991); and State v. Godejohn, 425 So.2d 750 (La.1983). Additionally, where the defendant has entered a plea of guilty, the issue of whether the trial court complied with La.C.Cr.P. art. 556.1 is now required in a patent error review. See State v. Reynolds, 98-170 (La.App. 5th Cir.7/28/98), 716 So.2d 485; State v. Chisley 98-169 (La.App. 5th Cir. 7/28/98), 718 So.2d 537. We find the following errors.
*178 Initially, we note that the transcript reflects that in the Boykin[1] plea colloquy, the trial court did not articulate the nature of the charge against the defendant. The written plea waiver clearly reflects that defendant was aware of the crime with which he was charged. Further, the transcript reflects that the defendant entered a plea of guilty to the charge following a "very lengthy and informative" pretrial conference. Defense counsel stated on the record that the waiver of rights form was gone over with the defendant who understood and initialed it. Finally, we note that the written waiver, the oral Boykin colloquy, verdict and sentence all occurred on the same day within a short time period.
In Reynolds, supra, we found that the due process requirement can be satisfied by an explanation from another source.
In some cases, the record may support the conclusion that the core concerns of the understanding of the defendant of the nature and consequences of his plea have been met.

State v. Reynolds at 492.
Considering the portions of the record referred to above, we conclude that due process requirements have been met in this case, and therefore defendant's plea was constitutionally acceptable.
We note an error in that the transcript indicates that defendant was ordered to serve five years at hard labor. That sentence was suspended and he was placed on three years active probation and required to pay a $30.00 per month probation fee, $750.00, court costs, and a $100.00 commissioner's fee. The commitment reflects the additional requirements that defendant complete a drug rehabilitation program and undergo drug screening. Because the transcript prevails when there is a discrepancy, the commitment and minute entry must be amended to reflect the conditions actually imposed. See State v. Johnson, 603 So.2d 259, (La.App. 5th Cir. 1992); State v. Williams, 593 So.2d 753, (La.App. 5th Cir.1992).
At the time of sentencing the trial court advised the defendant that he had three years to file for post-conviction relief. Under C.Cr.P. art. 930.8(A), the three-year prescriptive period commences when the judgment and sentence become final. Because the trial court did not inform the defendant that the prescriptive period begins to run from the date the conviction and sentence become final, the trial court inadequately complied with La. C.Cr.P. art. 930.8. Accordingly, the case is remanded for the trial court to send appropriate written notice to defendant of the correct statement of the law regarding the prescriptive period for post conviction relief and to file written proof in the record that defendant received the notice. See State v. Kershaw, 94-141 (La.App. 5th Cir. 9/14/94), 643 So.2d 1289; State v. Carter, 96-358, (La.App. 5th Cir. 11/26/96), 685 So.2d 346.
For the foregoing reasons, the conviction and sentence are affirmed. We amend the commitment to delete the requirements that defendant complete a drug rehabilitation program and undergo drug screening. The matter is remanded to the district court with instructions to send appropriate written notice to defendant of the correct statement of the law regarding the prescriptive period for post conviction relief and to file written proof in the record that defendant received the notice.
AMENDED, AND AS AMENDED CONVICTION AND SENTENCE AFFIRMED; REMANDED WITH INSTRUCTIONS
NOTES
[1] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).