819 So.2d 1141 (2002)
STATE of Louisiana
v.
James T. BROUSSARD.
No. 99-KA-1054.
Court of Appeal of Louisiana, Fourth Circuit.
May 22, 2002.
*1142 Harry F. Connick, District Attorney, Jane L. Beebe, Assistant District Attorney, Leslie P. Tullier, Assistant District Attorney, New Orleans, LA, for Plaintiff/Appellee.
Anthony L. Glorioso, Metairie, LA, for Defendant/Appellant.
(Court Composed of Judge MIRIAM G. WALTZER, Judge DENNIS R. BAGNERIS, SR., Judge MAX N. TOBIAS, JR.).
MAX N. TOBIAS, JR., Judge.
This matter is before us upon remand from the Louisiana Supreme Court, for purposes of reconstituting the record on appeal and rebriefing on the merits, after granting the State's writ.[1] We hereby incorporate the following portions of our previous opinion, which was not designated for publication:
On July 28, 1988, the defendant was charged by bill of information with one count of being a convicted felon in possession of a firearm, a violation of La. R.S. 14:95.1. He was arraigned July 31, 1998, and pled not guilty. The district court denied defendant's motions to suppress the evidence and a statement. Following a bench trial, the defendant was found guilty as charged. On October 7, 1998, he was sentenced to ten years at hard labor without benefit of parole, probation, or suspension of sentence and fined $1000.00. Defendant now appeals, contending that the trial court erred in denying his motion to suppress and that the evidence was insufficient to convict him.
* * *
At the motion hearing, Officer Dave Wilson said he observed three juveniles in the 500 block of Bourbon Street at 4:51 a.m., apparently in violation of curfew. It was a Tuesday morning, so the curfew was 9:00 p.m. The boys were asked their names. A computer check revealed that the defendant was wanted in Jefferson Parish. Officers placed him under arrest. He jerked away, and a chase ensued. As the parties were running, the defendant pulled something out of his waistband. An officer grabbed him by the back of his shirt, and saw that the defendant was holding a gun. The officer and the defendant fell to the ground, and the gun landed three to four feet away. The defendant was apprehended. His Miranda rights were read to him. He became violent, ramming his head into the protective glass of the police car, and yelling, "Kill me." Wilson said he could not remember of what the defendant had been previously convicted, but that a NCIC operator confirmed that he had been convicted.
Officer James Kelly said the defendant and his friends appeared to be juveniles. They told the officers that they were above the curfew age, but none had identification.
At trial, defense counsel stated: "We submit the trial on the testimony already taken at the motion to suppress and ask the Court to allow the exhibits that were introduced by the defendant at the motion to suppress to be exhibits considered by the Court in connection with the trial, and to re-urge our objection to the seizure of the evidence." The court responded, "[T]he exhibits were offered as they were previously, including the weapon, the prior conviction from the 24th Judicial District Court in *1143 97-4935 for the crime of armed robbery and all other exhibits that were referred to during the course of that proceeding are made a part of the record in this case."
* * *
The defendant argues the trial court erred in denying the motion to suppress. Article 703 of the Louisiana Code of Criminal Procedure allows a defendant to file a motion to suppress any evidence on the ground that it was unconstitutionally obtained. The purpose of this exclusionary rule is to deter future impermissible police conduct. State v. Hill, 97-255, p. 2 (La.11/6/98), 725 So.2d 1282, 1283. However, there are several well-settled judicial doctrines that provide exceptions to the exclusionary rule, one of which is the attenuation doctrine. The primary considerations in applying the attenuation exception are: (1) the temporal proximity of the illegality and the acquisition of the evidence to which instant objection is made; (2) the presence of intervening circumstances; and (3) the purpose and flagrancy of the official misconduct. Id. at p. 3, 725 So.2d at 1284 (citing Brown v. Illinois, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975)).
In Hill, two police officers were patrolling an area after receiving a general tip of narcotics activity when they saw two men standing in front of an abandoned building. The officers stopped the men, searched them for weapons and initiated a conversation. While the men were being interviewed, a computer search revealed two outstanding arrest warrants for one of the men. The officers then placed that man, the defendant, under arrest, and in a search incident to arrest, discovered a crack pipe in defendant's rear pants pocket that later tested positive for cocaine. The district court granted defendant's motion to suppress the evidence, and the Louisiana Supreme Court, on certiorari, held that the attenuation doctrine applied to prevent the exclusion of the evidence. The Court stated:
We now turn to the second factor from Brown, the existence of intervening circumstances which is particularly significant in this case. After the stop and frisk, the computer check returned two outstanding arrest warrants for Timmie Hill. Under the Louisiana Code of Criminal Procedure, this information provided the officers with probable cause to arrest the defendant. La. C. Cr. P. art. 213. This probable cause provided by the outstanding arrest warrants constituted an intervening circumstance under Brown which dissipates the taint of an initial impermissible encounter.

Hill, supra, at p. 5, 725 So.2d at 1285.
The Hill Court went on to discuss cases from other states in which the courts had also held that outstanding arrest warrants supply probable cause to arrest and thereby are an intervening circumstance under Brown which dissipates the taint of an initial illegal encounter. Id. The Court further stated:
Because we find an intervening circumstance under Brown, we need not decide whether the fourth circuit was correct in holding that the officers lacked reasonable suspicion for the initial Terry stop and frisk of the defendant because, assuming arguendo that the NOPD officers did conduct an impermissible Terry stop, no evidence was recovered during that search; rather, the evidence was not seized until after the officers discovered the two outstanding arrest warrants, arrested the defendant, and conducted a lawful search incident to his arrest on the outstanding warrants. The officers *1144 did not arrest and search the defendant due to exploitation of the initial Terry stop or due to any evidence gained through the exploitation of the initial stop. Instead, the officers lawfully arrested the defendant pursuant to the outstanding arrest warrants under La. C. Cr. P. art. 213. The interim discovery of the existence of the two outstanding arrest warrants provided the sole basis for the defendant's arrest and constituted an intervening circumstance under the third consideration of Brown.

Subsequent to such a lawful arrest, a search incident thereto is authorized in order to ensure officer safety and to protect against destruction of evidence. La. C. Cr. P. art. 225; State v. Jordan, 369 So.2d 1347, 1349 (La. 1979); State v. Edwards, 354 So.2d 1322 (La.1978); State v. Taylor, 347 So.2d 172 (La.1977); State v. Marks, 337 So.2d 1177 (La.1976). Because the second search was conducted upon the lawful arrest of the defendant, based upon the discovery of outstanding arrest warrants, the disputed evidence was seized in a lawful search incident to arrest.
Undoubtedly, had the officers not learned the defendant's name due to the initial stop, they would not have discovered the outstanding arrest warrants. However, this information is the only link between the initial Terry stop and the ultimate discovery of the disputed evidence. To rely on causal link in making a decision to suppress evidence would be directly contrary to the dictates of the United States Supreme Court because a per se "but for" causation test has been specifically rejected as a basis for a decision to suppress evidence. Brown, 422 U.S. at 603, 95 S.Ct. at 2261, 45 L.Ed.2d at 427; United States v. Ceccolini, 435 U.S. 268, 276, 98 S.Ct. 1054, 1060, 55 L.Ed.2d 268, 277 (1978); Wong Sun v. United States, 371 U.S. at 487, 83 S.Ct. at 417, 9 L.Ed.2d at 455, (not all evidence is the fruit of the poisonous tree simply because it would not have come to light "but for the illegal actions of the police."). Rather, properly focusing on the dictates of Brown, we find that the police officers' discovery of the outstanding warrants was a significant intervening event. The defendant's arrest was based upon probable cause not derived from the initial stop and frisk. Therefore, the search incident thereto that uncovered the crack pipe was permissible "primary taint."... We find that the discovery of the outstanding arrest warrants for the defendant constituted an intervening circumstance under Brown, which sufficiently attenuated the initial Terry stop from the ultimate seizure of the disputed crack pipe.
Id. at p. 8-9, 725 So.2d 1286-87.
In the instant case, under Hill, once the officers found that there was an outstanding warrant out for the defendant, they had probable cause to arrest. The trial court therefore correctly denied the motion to suppress.
This assignment is without merit.

ASSIGNMENT OF ERROR NUMBER TWO
Before discussing the second assignment of error, regarding sufficiency of the evidence, we are compelled to explain the procedural history of this case after our original opinion was issued on 10 May 2000. In that opinion, we reversed the defendant's conviction pursuant to La. R.S. 14:95.1, which prohibits a convicted felon from possessing a firearm, because the State failed to prove the existence of the prior conviction. Despite the judge's *1145 statement at trial indicating that the defendant had a prior conviction for armed robbery from Jefferson Parish, the documentation evidencing that conviction was never introduced into evidence or made a part of the record. Upon appellant's motion, we ordered the district court on 25 August 1999 to supplement the record on appeal with these exhibits, and received a written response that the evidence requested was not in the district court record. Thus, we concluded that the State presented insufficient evidence to prove the element of the crime requiring that the defendant have a prior felony conviction.
The State filed a writ with the Louisiana Supreme Court complaining of our ruling. While the matter was pending, the State alleges that it found the certified copy of the defendant's prior conviction in its file room. As argued to the Louisiana Supreme Court, the State contends that "the trial A.D.A. neglected to give the prior conviction to the minute clerk after the conclusion of the trial." Due to the discovery of the certified copy of the defendant's prior conviction, the Louisiana Supreme Court remanded the matter "for the purposes of reconstituting the record on appeal and for rebriefing on the merits." Therefore, although the certified copy of the defendant's prior conviction was never marked by the minute clerk for identification or entered into evidence during either the motion hearing or the trial, for purposes of this appeal, we grant the State's motion to supplement the record and the defendant's prior conviction is now a part of the record. But a further inquiry is required.
The constitutional standard for testing the sufficiency of the evidence, as enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560(1979), requires that a conviction be based in proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. State v. Rosiere, 488 So.2d 965 (La.1986); State v. Richards, 97-1182 (La.App. 5 Cir. 4/15/98), 713 So.2d 514. The elements of possession of a firearm by a convicted felon are:
1. status of the defendant as a convicted felon;
2. an instrumentality defined as a firearm; and
3. physical and/or constructive possession of the firearm by the defendant.
Id. at p. 8, 713 So.2d at 518.
In the instant case, the defendant contends that the State failed to prove that he was the same individual convicted in the Jefferson Parish proceeding. In order to do that, the defendant argues that the State should have introduced expert testimony matching the fingerprints of the accused with those in the record of the prior proceeding. Because the defendant never took the stand either in the motion hearing or at trial, he contends that no evidence exists to prove his identity. In support of his argument, the defendant relies on State v. Phipps, 98-1072 (La.App. 5 Cir. 3/30/99), 732 So.2d 603 (defendant admitted his previous convictions on the stand); Richards, supra (fingerprint expert matched all readable fingerprints and defendant admitted to prior conviction under cross-examination). We agree with the defendant's position.
While the parties agreed that the defendant would be tried on the evidence presented at the motion hearing, the State presented no evidence at the motion hearing that the defendant was convicted of a crime, much less a crime defined in the statute. The officers in fact did not know of what crime the defendant had been convicted. The only testimony was hearsay evidence of an unknown NCIC operator *1146 that the defendant had a record. In addition, despite the presence of the previously "misplaced" records, no proof exists in the record that the defendant is the same James T. Broussard who was convicted of armed robbery in Jefferson Parish. In Louisiana, proof that a person of the same name has been previously convicted (or, by analogy, named as the perpetrator) does not constitute prima facie evidence that the two persons are the same. City of Monroe v. French, 345 So.2d 23 (La.1977); State v. Metoyer, 612 So.2d 755 (La.App. 5 Cir.1992).
The State, however, argues that because the defendant's attorney references the conviction during the sentencing hearing, the conviction was therefore proven. We disagree. Attorney remarks are not evidence. In addition, the failure of defense counsel to object to the admission of the documents does not prove the conviction. Thus, we conclude that the State presented insufficient evidence to prove the element of the crime requiring that the defendant have a prior felony conviction. See also State v. Crockharn, 99-2367, p. 5 (La.App. 4 Cir. 2/7/01), 780 So.2d 1079, 1081 ("Absent evidence of a positive identification such as an eyewitness or expert fingerprint analysis testimony in the trial on the charge of simple escape, no basis existed for the jury to find that the accused defendant in this case was in fact the same person who escaped.").
Therefore, in accordance with La. C. Cr. P. art. 815, we amend the defendant's conviction to reflect a conviction for the lesser included offense of La. R.S. 14:95, Illegal Carrying of Weapons, defined in subsection (A)(1) as "the intentional concealment of any firearm, or other instrumentality customarily used or intended for probable use as a dangerous weapon, on one's person."
For the reasons stated, the defendant's conviction under La. R.S. 14:95.1 and sentence are vacated, and the matter is remanded to the district court with instructions to enter a conviction of La. R.S. 14:95, Illegal Carrying of Weapons, and to sentence the defendant accordingly.
VACATED AND REMANDED.
NOTES
[1] See State v. Broussard, XXXX-XXXX (La.4/12/01), 788 So.2d 1198, reh. denied, XXXX-XXXX (La.1/25/02), 806 So.2d 663.