780 So.2d 1079 (2001)
STATE of Louisiana
v.
Nathaniel CROCKHARN.
No. 99-KA-2367.
Court of Appeal of Louisiana, Fourth Circuit.
February 7, 2001.
Honorable Harry F. Connick, District Attorney of Orleans Parish, Nicole Barron, Assistant District Attorney of Orleans Parish, New Orleans, LA, Counsel for State of Louisiana/Appellee.
Yvonne Chalker, Louisiana Appellate Project, New Orleans, LA, Counsel for Defendant/Appellant.
Court composed of Judge PLOTKIN, Judge WALTZER and Judge TOBIAS.
TOBIAS, Judge.
The defendant, Nathaniel Crockharn, was charged by bill of information with simple escape. A six-member jury found him guilty as charged. The trial court sentenced the defendant to one year at hard labor without the benefit of parole, probation, or suspension of sentence to run consecutively to any other sentence. After the State filed a multiple bill, the trial court found the defendant to be third offender, vacated the original sentence, and resentenced the defendant to life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence. The defendant appealed his conviction and sentence.

*1080 STATEMENT OF THE FACTS

At trial, Frank Jobert, Jr. ("Jobert")[1], assistant warden at the Bridge City Correctional Center, identified commitment papers showing that a Nathaniel Crockharn, whose birthdate was 23 March 1953, received a five-year sentence for simple robbery in Jefferson Parish in October 1982. Jobert further testified that a Nathaniel Crockharn was in one of three work training programs at Jackson Barracks and that according to his records, on 21 September 1983, that Nathaniel Crockharn was not present at 5:30 p.m. when a "major count" was taken. Jobert also reviewed a report, titled "Unusual Occurrence Report," that stated a Nathaniel Crockharn was not present in his assigned building and that he could not be located in the compound. Jobert testified that in 1991 he wrote a letter to United States Attorney Harry Rosenberg requesting the assistance of the FBI in searching for the Nathaniel Crockharn who had escaped. He also testified that a Nathaniel Crockharn had "surfaced" in Minnesota on or about Christmas Day of 1995 and was eventually apprehended and returned to Louisiana in January 1997.
Lyn H. Pigott ("Pigott")[2], a Department of Corrections systems sentence computation manager, testified at trial that her job required her to compute the time that inmates were sentenced to for a felony. Pigott testified that she had access to the master files of prison inmates and provided certified documents from a Nathaniel Crockharn's file to the State for the instant prosecution, including the commitment documents, the bill of information and the complete master prison record. Even though she was not assigned to the Jackson Barracks facility in 1983, Pigott testified that, to her knowledge, the accused defendant was the same Nathaniel Crockharn named in the bill of information contained in the master prison record. She further testified that the Nathaniel Crockharn who had escaped had a parole eligibility date of 10 January 1985, that his good time release date was 11 December 1985, and that his full term release date was 10 July 1987.

ERRORS PATENT
A review of the record shows no errors patent.

ASSIGNMENT OF ERROR NO. 1
In his first assignment of error, the defendant complains that the State failed to present sufficient evidence of his guilt. Specifically, he argues that the State introduced no evidence that he was the same Nathaniel Crockharn who had escaped from Jackson Barracks on 21 September 1983. The defendant points to the lack of testimony from Jobert that he recognized the defendant or that the defendant's date of birth was the same as that of the Nathaniel Crockharn who had escaped. The defendant further notes that the State failed to introduce any fingerprint evidence to establish that the defendant was the same Nathaniel Crockharn who had escaped from the custody of the Department of Corrections.
The State, on the other hand, asserts that there was sufficient evidence of the defendant's identity based on the testimony of Pigott who testified on cross-examination that to the best of her knowledge the defendant was the same Nathaniel Crockharn who escaped from Jackson Barracks. The State also notes that the defendant and the escapee have the same exact name.
The standard for reviewing a claim of insufficient evidence is whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Rosiere, 488 So.2d 965 (La.1986). The reviewing court is to consider the record as a whole and not just *1081 the evidence most favorable to the prosecution; and, if rational triers of fact could disagree as to the interpretation of the evidence, the rational decision to convict should be upheld. State v. Mussall, 523 So.2d 1305 (La.1988). Also, the reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence. Id. The trier of fact's determination of credibility is not to be disturbed on appeal absent an abuse of discretion. State v. Cashen, 544 So.2d 1268 (La.App. 4 Cir.1989).
La. R.S. 14:110(A) provides:
Simple escape shall mean any of the following:
(1) The intentional departure, under circumstances wherein human life is not endangered, of a person imprisoned, committed, or detained from a place where such person is legally confined, from a designated area of a place where such person is legally confined, or from the lawful custody of any law enforcement officer or officer of the Department of Corrections.
(2) The failure of a criminal serving a sentence and participating in a work release program authorized by law to report or return from his planned employment or other activity under the program at the appointed time.
(3) The failure of a person who has been granted a furlough under the provisions of R.S. 15:833 or R.S. 15:908 to return to his place of confinement at the appointed time.
The prison records introduced by the State at trial and the testimony of Jobert and Pigott only establish that an individual named Nathaniel Crockharn, who was in the custody of the Department of Corrections serving a five-year sentence for simple robbery in Jefferson Parish, had escaped from the Jackson Barracks in September 1983.
After a thorough review of the case record before us, we find that the State failed to prove that the accused defendant was the same person identified in the documentary evidence. While it was permissible for the State to introduce the witnesses's testimony and the prison record evidencing a Nathaniel Crockharn's conviction, sentence, commitment and escape, the State was required to offer independent proof that the accused defendant was the same person identified in the prison record and the underlying conviction to prove simple escape pursuant to La. R.S. 14:110(A). Neither Jobert nor Pigott testified that they recognized or personally knew the accused defendant to be the same Nathaniel Crockharn who was serving a five-year sentence in the Department of Corrections and escaped from Jackson Barracks in 1983. Absent evidence of a positive identification such as an eyewitness or expert fingerprint analysis testimony in the trial on the charge of simple escape, no basis existed for the jury to find that the accused defendant in this case was is in fact the same person who escaped. Thus, the defendant's conviction for simple escape cannot stand.[3]
Accordingly, for the above reasons, the defendant's conviction is reversed and his adjudication and sentence as a third offender are vacated.
REVERSED AND VACATED.
NOTES
[1] The trial transcript incorrectly refers to Warden Frank Jobert, Jr., as Grant Jobert.
[2] The trial transcript incorrectly refers to Lyn H. Pigott as Lynn Pigot.
[3] At the defendant's multiple bill hearing on 3 December 1999, the State introduced into evidence fingerprint identification cards bearing the name of the defendant, Nathaniel Crockharn, as well as the testimony of New Orleans Police Officer Raymond Loosemore, an expert in fingerprint analysis. Although this evidence is in the record before us, we cannot consider it in our review for sufficiency of the evidence to prove simple escape because the State did not introduce this evidence at the defendant's trial on the charge of simple escape.