# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-551


**C & B SALES & SERVICE, INC.**

**VERSUS**

**RALPH SLAUGHTER, SEC. OF DEPT. OF REVENUE & TAXATION**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 941038
HONORABLE KRISTIAN D. EARLES, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


**MARC T. AMY**
**JUDGE**


\*\*\*\*\*\*\*\*\*\*


Court composed of Sylvia R. Cooks, Marc T. Amy, and John B. Scofield\*, Judges.


**AFFIRMED.**

**William E. Logan, Jr.**
**The Logan Law Firm**
**Post Office Box 3424**
**Lafayette, LA   70502**
**(337) 232-6210**
**Counsel for Plaintiff/Appellant:**
        **C & B Sales & Service, Inc.**

**Dwana C. King**
**Kanika Tubbs**
**Post Office Box 4064**
**Baton Rouge, LA   70821**
**(225) 219-2080**
**Counsel for Defendant/Appellee:**
        **Ralph Slaughter, Secretary**
        **Department of Revenue & Taxation**

\* John B. Scofield participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore

AMY, Judge.

The plaintiff appealed a decision of the board of tax appeals to the Fifteenth Judicial District Court in March 1994. In August 2003, the Department of Revenue and Taxation moved to dismiss the appeal as abandoned. In November 2003, following a hearing, the district court granted the Department's motion and ordered the dismissal of the plaintiff's appeal, finding that it had been abandoned. From this judgment, the plaintiff appeals. For the following reasons, we affirm.

## Factual and Procedural Background

According to the record, on February 22, 1993, C&B Sales & Service, Inc., a Louisiana corporation with its principal place of business in Broussard, Lafayette Parish, filed a petition for redetermination of its sales and use tax and Louisiana Recovery District Tax assessment for the period of January 1, 1988, through February 28, 1991. The record likewise indicates that in June 1992, the Louisiana Department of Revenue and Taxation (hereinafter "the Department") had informed C&B Sales that it owed amounts totaling $251,113.44 in unpaid sales and use tax, reduced by a payment under protest of $150,000, for a balance of $101,113.44 due. C&B Sales disputed the amount assessed, claiming that in arriving at the above figures, the Department had included some transactions that were actually tax-exempt under certain statutory provisions. On February 8, 1994, the board of tax appeals ruled in favor of the Department, affirming the proposed assessment at issue, plus accrued interest.

C&B Sales filed a petition for appeal in the Fifteenth Judicial District Court on March 9, 1994, asserting that the board of tax appeals erred in upholding the

Department's proposed assessment.[1]  The record reflects that the order of appeal was granted on February 27, 1996.  C&B Sales moved to set the matter for trial on February 26, 1999; this motion was granted, without setting a date, on March 1, 1999. On August 4, 2003, the Department filed a motion to dismiss C&B Sales' appeal as abandoned.  After a hearing on the motion on November 24, 2003, the district court ordered the matter dismissed as abandoned.  C&B Sales appeals, contesting the ruling of the district court.

## Discussion

In the case *sub judice*, C&B Sales contends that it had not abandoned its appeal from the adverse ruling of the board of tax appeals, asserting that the matter should have been considered submitted to the district court on the record, and, as a result, the responsibility for the case shifted to the district court.  C&B Sales claims that pursuant to a stipulation that it entered into with the Department, both parties were supposed to hand in briefs after the matter had been sent to the district court.

_____

[1]A district court's power to review decisions of the board of tax appeals is set forth in La.R.S. 47:1434 as follows:

> After a decision or judgment of the board, the collector or the taxpayer may, within thirty calendar days after such decision or judgment has been rendered and signed, file a petition with the district court in accordance with the provisions hereinafter set out, for review of the said decision or judgment of the board.  The party filing such petition shall before the filing of same, either at open hearing or by motion, notify the board of his intention to file such petition for review.  Provided that when the board has found any tax to be due, a taxpayer must, when giving the notice of intention to file a petition for review, post bond, with surety approved by the board conditioned upon the payment of the tax as finally determined, together with any interest, additional amounts or additions to the tax provided for by law, payable to the collector, in an amount not to exceed one and one-half times the said tax, interest, and penalty found to be due in said decision or judgment of the board, and the posting of such bond shall be a condition precedent to the filing of any petition for review in any district court.
>
> Thereafter, and within the thirty calendar days from the date of the rendering and signing of such decision or judgment of the board, the taxpayer may file his petition for review with the proper district court, setting forth specifically any errors which may have been committed by the board in reaching its decision or judgment.
>
> When the district judge has ordered the review, a copy of the order and petition shall be mailed to the secretary-clerk of the board, and the opposing party or counsel representing him, and the order shall command the secretary-clerk of the board to send up within twenty days from the date thereof the original transcript of the record, together with all exhibits and evidence thereto attached; which record shall be the basis for any action on review and the decision of the district court shall be rendered upon the said record as made up before the board.

2

Accordingly, it argues, when neither party submitted briefs, the case should have been considered submitted on the record, and responsibility then devolved to the district court to render judgment. In essence, C&B Sales contends, although years passed without a decision in the matter, it was relieved of any obligation with respect to moving the case forward. As such, C&B Sales suggests, because the law pertaining to abandonment does not apply in circumstances in which delays are attributable to the court,[2] its appeal was incorrectly dismissed as abandoned.

The rules governing abandonment of civil actions are set forth in La.Code Civ.P. art. 561. This article provides, in pertinent part, as follows:

> A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years[.]
> . . . .
> (2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment.

Louisiana Code of Civil Procedure Article 561 has been interpreted by Louisiana courts as requiring plaintiffs to take certain action in order to avoid abandonment:

> First, plaintiffs must take some "step" towards prosecution of their lawsuit. In this context, a "step" is defined as taking formal action before the court which is intended to hasten the suit toward judgment, or the taking of a deposition with or without formal notice. Second, the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit. Third, the step must be taken within the legislatively prescribed time period of the last step taken by either party; sufficient action by either plaintiff or defendant will be deemed a step.

---

[2] In support of this proposition, C&B Sales cites *Barton v. Burbank*, 138 La. 997, 71 So. 134, 135 (La.1916), in which the supreme court stated:

> [W]e are of opinion [sic] that, having submitted their case to the judge, they should not be held responsible for his delay in the discharge of his duty; the idea of the statute being merely to hold a plaintiff responsible for delay attributable to his nonaction in and failure to prosecute his suit up to the point at which the court is placed in a position to render judgment.

*Clark v. State Farm Mut. Auto. Ins. Co.*, 00-3010, p. 6 (La. 5/15/01), 785 So.2d 779, 784 (footnotes omitted). Nevertheless, there are two jurisprudentially recognized exceptions to the operation of La.Code Civ.P. art. 561: the first, an application of the principle of *contra non valentem*, is available where a plaintiff has been forestalled from prosecuting a case due to circumstances beyond his control. *Clark*, 785 So.2d 779; *Faust v. Greater Lakeside Corp.*, 03-808 (La.App. 4 Cir. 11/26/03), 861 So.2d 716, *writ denied*, 04-424 (La. 4/2/04), 869 So.2d 887; *Lion InvestBanc Corp. v. River Products, Inc.*, 02-481 (La.App. 5 Cir. 10/29/02), 831 So.2d 500, *writ denied*, 02-2905 (La. 3/14/03), 839 So.2d 36; *State, Dept. of Transp. and Dev. v. Cole Oil and Tire Co., Inc.*, 36,122 (La.App. 2 Cir. 7/17/02), 822 So.2d 229, *writ denied*, 02-2325 (La. 11/15/02), 829 So.2d 436. The second such exception is available in situations in which a defendant waives the right to assert abandonment through actions inconsistent with an intent to treat the case as abandoned. *Id*.

In support of its assertion on appeal that the parties entered into a stipulation regarding submission of briefs, C&B Sales notes that during the hearing on the motion to dismiss, the Department admitted that the parties had agreed to meet to discuss briefing dates in lieu of a trial date. Moreover, attached as an appendix to C&B Sales' brief to this court is a transmission letter to the clerk of court, dated February 26, 1999, which accompanied its motion and order to set a trial date. In this letter, which was not filed into the record and was not offered into evidence at the hearing below, counsel for C&B Sales writes, "I believe that this matter can be submitted on the record with the Court setting a schedule for filing of briefs and reply briefs." On appeal, C&B Sales concedes that this "stipulation" is missing from the record, but it insists that its absence is due to an oversight of the clerk of court,

4

alleging that the clerk failed to enter the "stipulation" into the minutes or otherwise misfiled it. C&B Sales contends that because the clerk of court is part of the judiciary, any errors that it commits should not be attributed to either party.

In light of C&B Sales' claim on appeal, we note that in *Reed v. Peoples State Bank of Many*, 36,531, pp. 4-5 (La.App. 2 Cir. 3/5/03), 839 So.2d 955, 958, the second circuit made the following relevant observation regarding those things properly considered by an appellate court:

> [I]t is well-settled that an appellate court must render its judgment upon the record on appeal. La. C.C.P. art. 2164. The record on appeal is that which is sent by the trial court to the appellate court and includes the pleadings, court minutes, transcript, jury instructions, judgments and other rulings, unless otherwise designated. La. C.C.P. art. 2128. An appellate court cannot review evidence that is not in the record on appeal and cannot receive new evidence. Memoranda and exhibits which were not filed into evidence in the trial court are not part of the record on appeal. If a party's brief asserts facts which are not in the record and refers to exhibits which have not been filed into evidence in the trial record, an appellate court may not consider those memoranda and exhibits, since they are outside the record. La. C.C.P. art. 2164. The briefs of the parties and the attachments thereto are not part of the record on appeal. Appellate briefs are not part of the record on appeal, and this court has no authority to consider on appeal facts referred to in appellate briefs, or in exhibits, if those facts are not in the record on appeal. *Tranum v. Hebert*, 581 So.2d 1023 (La.App. 1st Cir., 1991), *writ denied*, 584 So.2d 1169 (La.1991).

Moreover, Uniform Rules—District Courts, Rule 9.16 specifies, with respect to agreements and stipulations, that "[t]he court will recognize agreements and stipulations between counsel concerning the conduct, trial, or continuance of a suit only if they are: (1) written and filed in the record; or (2) made in open court and entered on the minutes." Likewise, Uniform Rules—Courts of Appeal, Rule 2-7.5 states that "[i]nstructions to the clerk, or agreements between the parties or their counsel, of which the court is expected to take cognizance, shall be in writing, signed by the parties or counsel, and filed in the clerk's office."

5

Our examination of the record reveals no evidence of a stipulation between C&B Sales and the Department whereby they agreed to let the district court decide the matter on briefs. The transcript of the motion hearing indicates that counsel for the Department denied entering into such a stipulation with C&B Sales, and further stated that the parties never discussed briefing dates in lieu of trial. Even assuming, *arguendo*, that C&B Sales and the Department did enter into a stipulation that the case would be submitted on briefs, this agreement was neither filed into the record nor stated in open court.

When we review the record in light of the principles outlined in *Clark*, above, we find the last qualifying step taken by C&B Sales in the prosecution of its case was its motion to set a trial date, filed on February 26, 1999. The Department's motion to dismiss as abandoned was filed on August 4, 2003. Accordingly, more than three years had passed without any steps taken to move the case towards resolution. Similarly, our examination of the record reveals that neither of the exceptions to abandonment, as outlined in *Faust*, above, are applicable in the present case. We find no error in the trial court's ruling dismissing the appeal as abandoned. This assignment lacks merit.

## DECREE

For the foregoing reasons, the trial court's judgment dismissing the appeal filed by C&B Sales & Service, Inc. on the grounds of abandonment is affirmed. All costs of this proceeding are assigned to the plaintiff-appellant, C&B Sales & Service, Inc.

**AFFIRMED.**

6