# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 05-0532

STATE OF LOUISIANA

VERSUS

MAUREEN VALLOT

************

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT,
PARISH OF IBERIA, NO. 03-J-935,
HONORABLE KEITH COMEAUX, DISTRICT JUDGE

************

## JIMMIE C. PETERS
## JUDGE

************

Court composed of Jimmie C. Peters, Michael G. Sullivan and Glenn B. Gremillion, Judges.

REVERSED AND REMANDED.

A. C. Elias
District Attorney's Office
Non-Support Division
300 Iberia Street
New Iberia, LA  70560
(337) 369-4434
COUNSEL FOR APPELLEE:
        State of Louisiana

Maureen Vallot
7739-A Main Highway
St. Martinville, LA  70582
(337) 364-7945
In Proper Person

PETERS, J.

Maureen Vallot appeals a trial court judgment ordering her to pay to the Louisiana Department of Social Services, Support Enforcement Division, the sum of $200.00 per month as child support for two of her minor children together with an additional five percent per month administration fee. For the following reasons, we reverse the trial court judgment and remand the matter for further proceedings.

## APPLICABLE LAW

Understanding the current status of this litigation is next to impossible without first considering the applicable statutes and the procedure mandated by those statutes. In considering the applicable statutes, we note that this litigation began on November 14, 2003, when the State of Louisiana (state) filed a bill of information charging Mrs. Vallot with criminal neglect of family, a violation of La.R.S. 14:74.

Louisiana Revised Statutes 14:74(A)(1)(b), which is the applicable section of the statute, provides that "[c]riminal neglect of family is the desertion or intentional nonsupport . . . [b]y either parent of his minor child who is in necessitous circumstances, there being a duty established by this Section for either parent to support his child." The penalty for violation of this statute is provided for in La.R.S. 14:74(D)(1), which provides that "[w]hoever commits the offense of criminal neglect of family shall be fined not more than five hundred dollars or be imprisoned for not more than six months, or both, and may be placed on probation pursuant to R.S. 15:305." Additionally, the trial court "may issue a support order, after considering the circumstances and financial ability of the defendant, directing the defendant to pay a certain sum at such periods as the court may direct." La.R.S. 14:74(D)(2). Obviously, the trial court's power to impose the punishment provided for in La.R.S. 14:74(D) is conditioned upon a defendant being first convicted of the offense.

The reference to La.R.S. 15:305 in La.R.S. 14:74(D)(1) is a reference to a special probation statute, the application of which is limited to neglect of family cases.  It provides in pertinent part:

> Whenever a person has pleaded guilty or been found guilty of the misdemeanor of criminal neglect of family or has been found in contempt of court for failing to pay support as ordered under the provisions of Children's Code Article 1353, the judge may suspend the execution or imposition of sentence and release the offender on unsupervised probation or probation under the supervision of the Department of Social Services.  The judge may suspend the sentence and place the defendant on probation although he has begun to serve the sentence imposed and may impose any specific conditions reasonably related to the offender's rehabilitation, including but not limited to the conditions of probation as set forth in Code of Criminal Procedure Article 895.

La.R.S. 15:305(A)(1).

As suggested by the reference to La.Ch.Code art. 1353 in the above statute, the offense of criminal neglect of family is also addressed in the Louisiana Children's Code in Articles 1351 through 1355.  Specifically, La.Ch.Code art. 1352 provides:

> A.  With the consent of the defendant, at any time prior to a trial on a charge of criminal neglect of family brought pursuant to R.S. 14:74 the court, in lieu of imposing the punishment herein before provided, may issue a support order, after considering the circumstances and financial ability of the defendant, directing the defendant to pay a certain sum, at such periods as the court directs, and to maintain health care insurance.
>
> B.  This support shall be ordered payable to the applicable payee.
>
> C.  The amount of support as set by the court may be increased or decreased as the circumstances may require.
>
> D.  The court may also require the defendant to enter into a recognizance, with or without surety, in order to insure the payment of support and the maintenance of health care insurance.  The condition of the recognizance shall be that the defendant shall make his or her personal appearance in court whenever required to do so, and shall further comply with the terms of the order or of any subsequent modification thereof.

The "applicable payee" referred to in La.Ch.Code art. 1352(B) is defined as "the spouse, the tutor or custodian of the child, the court-approved fiduciary of the spouse or child, or the [Louisiana Department of Social Services] in a FITAP case or in a non-FITAP case in which the department is rendering services as designated by the court to be the payee." La.Ch.Code art. 1351(6). The abbreviation "FITAP" refers to the Family Independence Temporary Assistance Program. La.Ch.Code art. 1351(5). Additionally, La.Ch.Code art. 1353, which is referred to in La.R.S. 15:305(A)(1), purports to provide for punishment for a defendant who has violated an order issued pursuant to La.Ch.Code art. 1352.

Despite the specific language of La.Ch.Code art. 1352, a criminal neglect proceeding is not always a prerequisite to a stipulation with regard to support under the Children's Code. Specifically, La.Ch.Code art. 1355 provides:

> In cases in which the responsible parent or other person owing a duty of support and the district attorney stipulate to an order of support, the court shall have the power to issue an order of support under the provisions of Article 1352 without the necessity of instituting criminal proceedings pursuant to R.S. 14:74.

With this understanding of the applicable procedure, we turn to a discussion of the history of this litigation.

## PROCEDURAL AND FACTUAL HISTORY

The state charged Mrs. Vallot with criminal neglect of family by a bill of information filed November 14, 2003. The bill of information is short on detail and simply states that Mrs. Vallot "[d]id intentionally fail and neglect to support [her] 2 (TWO) minor children, they being persons of necessitous circumstances in violation of the provisions of R.S. 14:74 of the State of La."

3

Despite charging Mrs. Vallot with the offense, the state has not pursued this as a criminal charge. Instead, on January 16, 2004, a preprinted form was filed in the record, reflecting that the hearing officer of the Sixteenth Judicial District Court had held a hearing on that day addressing Mrs. Vallot's obligation to provide her minor children with medical support. The hearing officer checked boxes on the preprinted form recommending that the trial court issue an immediate income assignment order and an immediate medical support order directed to Mrs. Vallot. In a blank on the form used to describe the nature of the proceedings, the hearing officer placed the notation "M/S only." We interpret this notation to indicate that the hearing was for the purpose of considering the medical support issue. Although the form states that only Mrs. Vallot and the assistant district attorney were present, it also contains the signature of Leroy Vallot, Jr., who is described as the complainant. The preprinted form also contains a notation that Mrs. Vallot did not timely appeal the hearing officer's recommendation, and the trial court executed an order on January 23, 2004, effecting acceptance of the hearing officer's recommendations. The order is a part of the hearing officer's preprinted form and appears at the bottom of that form.

The trial court minutes reflect that on that day the hearing officer held a hearing in juvenile court, but the minutes are silent concerning the appearance of either Mrs. Vallot or the assistant district attorney. Moreover, nothing in the record explains how this matter came to be placed on the docket. Additionally, the record contains no transcript of the hearing.

The notation on the preprinted form that Mrs. Vallot had not timely appealed the hearing officer's recommendations was incorrect, because, on the day of the

4

hearing, Mrs. Vallot filed her appeal with the trial court. The trial court first set the hearing for February 25, 2004, but later rescheduled it for March 24, 2004.

The record contains a transcription of the March 24, 2004 hearing. After conducting the hearing, the trial court orally ordered that "should [Mrs. Vallot] get employment, and should it be available, and should the cost be reasonable, then she has to provide medical insurance. Otherwise, she doesn't have to."[1] At the hearing itself, the state presented no evidence and the trial court simply questioned Mr. and Mrs. Vallot without placing either under oath. Mrs. Vallot stated that she was unemployed and attempted to raise other issues concerning the proceedings, but the trial court would not allow her to do so. She claimed to have custody of one of the three children born of the marriage between Leroy Vallot and herself and stated that she had been continuously seeking employment. She suggested that the matters that the trial court would not allow her to discuss were the reasons that she could not obtain employment. Leroy Vallot stated that he was disabled and acknowledged that he had custody of the two children at issue.

The next pleading in the record now before us is a motion by the state filed October 7, 2004, requesting that the trial court order Mrs. Vallot to pay child support pursuant to "the provisions of LSA R.S. 9:315 et al."[2] The motion references the trial court order of January 16, 2004, but makes no reference to the pending criminal charge. The trial court set the motion for hearing on November 19, 2004.

---

[1]The minutes found in the record state that the trial court did affirm the hearing officer's recommendation and ordered "that if defendant gets a job the Court will review the matter to determine the amount medical coverage would cost if available." No such language appears in the transcript.

[2]This is a reference to the general guidelines for the determination of child support in any given case. Louisiana Revised Statutes 9:315.19 provides a specific schedule for the underlying determination.

The November 19 hearing occurred before the hearing officer, not the trial court. As was the case with the January 16, 2004 hearing, the record contains no transcript of the hearing and contains only the hearing officer's standard preprinted form. This time, the hearing officer entered the purpose of the hearing as being to "Set C/S order." We conclude that C/S stands for child support. As was the case in the January 16 hearing, the form reflects that only Mrs. Vallot and the assistant district attorney appeared. However, unlike the January 16 form, this form specifically states that Mrs. Vallot waived her right to counsel and that she entered into a voluntary agreement or stipulation to pay $200.00 per month effective December 1, 2004, together with a five percent administration fee. The form bears the signature of the hearing officer and Mrs. Vallot.

The court minutes of November 19, 2004, confirm that a hearing took place in juvenile court, but, as was the case in January of 2004, the minutes differ from the content of the hearing officer's form. Specifically, the court minutes provide that Mrs. Vallot appeared "for *arraignment* on charges of non support, waived counsel and entered into a voluntary agreement." (Emphasis added.) The reference to counsel in the preprinted form and the trial court minutes is the first time Mrs. Vallot's right to counsel is mentioned in the record. Additionally, the reference to the arraignment in the trial court minutes is the first reference in the record to the pending criminal charge of criminal neglect of family. Interestingly, the hearing officer's preprinted form provides a box to be checked when a party appears for arraignment, and, in this case, the hearing officer failed to check that box.

Despite the notation on the preprinted form concerning the voluntary nature of Mrs. Vallot's agreement to the stipulation, questions arise with regard to that issue

6

from the very next filing in the record. Attached to the hearing officer's preprinted form is a form agreement the party at issue is to sign to show consent to the five percent administration fee. Although Mrs. Vallot signed this agreement, she placed the written notation below her signature that she "will appeal." Additionally, on that same day, Mrs. Vallot filed a form motion to appeal the hearing officer's recommendation.

The trial court responded to the appeal motion by executing an order on November 22, 2004, scheduling a hearing for December 14, 2004. On that same day, Mrs. Vallot filed a pleading asserting supporting evidence for her appeal of the hearing officer's recommendation. In that pleading, she listed a number of prior events that she wished to present in support of her position.

The record contains a transcript of the December 14, 2004 hearing, which was conducted similarly to the March 24, 2004 hearing. The state presented no evidence, and the trial court merely interrogated Mrs. Vallot, again without placing her under oath. Based upon this interrogation, the trial court determined that Mrs. Vallot was underemployed and affirmed the hearing officer's recommendation. As was the case with the first hearing, the trial court would not allow Mrs. Vallot to explain herself and kept the matter to the basics of her finding employment. The trial court signed a judgment making the hearing officer's recommendations a judgment of the court on that same day. The executed judgment included a requirement that Mrs. Vallot pay the $200.00 per month and the administration fee through an income assignment to the Louisiana Department of Social Services, Support Enforcement Division (department).

On December 22, 2004, Mrs. Vallot filed a motion for appeal to the United States Fifth Circuit Court of Appeals, wherein she referenced the December 14, 2004 judgment as the judgment being appealed. On January 11, 2005, the trial court signed an order granting Mrs. Vallot an appeal and setting a return date of April 18, 2005. In granting the appeal, the trial court referenced the December 22 motion, but made no mention of the fact that the appeal was to the federal, and not the state, court of appeal. The trial court then signed a second order granting Mrs. Vallot an appeal on January 31, 2005. In this order, the trial court specifically stated that the grant was to this court and again assigned a return date of April 18, 2005. Additionally, the trial court appointed the Louisiana Appellate Project (Project) to assist Mrs. Vallot in her appeal. It cited as authority for this appointment La.R.S. 15:1550.[3]

On February 17, 2005, the Project filed a motion to have the January 31, 2005 order appointing it to represent Mrs. Vallot vacated on the basis that the appellate issue was a misdemeanor and/or a child support issue and that the Project has no statutory authority to assist in such proceedings. The next day, the trial court signed an order vacating the prior order and appointing the Sixteenth Judicial District Court Indigent Defender Board to assist Mrs. Vallot on appeal.

Up to this point in the litigation, Mrs. Vallot had represented herself, and this order did not change matters, as no attorney has appeared on her behalf in this appeal. Mrs. Vallot sought to have this court appoint her appellate counsel, but, by an unpublished opinion, another panel of this court denied her motion. *See State v. Vallot*, 95-532 (La.App. 3 Cir. 11/9/05). In doing so, this court noted that it has no authority to appoint counsel in civil matters and that the Sixteenth Judicial District

---

[3]We find no such statute in Title 15.

8

Indigent Defender Board's failure to comply with the order of February 18, 2005, must first be addressed in the trial court.

## ISSUES ON APPEAL

Mrs. Vallot's pro se brief filed with this court does not remotely resemble that which is required by Uniform Rules—Courts of Appeal, Rule 2-12.2. It contains no specifications of error or description of the issues to be reviewed. In fact, the brief itself is only two pages in length. However, Mrs. Vallot has attached a number of evidentiary exhibits to her brief and requests that we consider these in rendering our decision. The attached exhibits are not a part of the appellate record.

We have no evidence of the state's position as it has filed no brief or other response to the appeal.

## OPINION

We first note the well-established rule that this court cannot receive new evidence and cannot consider evidence not in the record on appeal. *C & B Sales & Serv., Inc. v. Slaughter*, 04-551 (La.App. 3 Cir. 10/20/04), 885 So.2d 683. Therefore, we cannot consider the attachments to Mrs. Vallot's brief. However, in considering the record before us, we do find that she is entitled to relief.

The state's filing of the bill of information charging Mrs. Vallot with criminal neglect of family precluded the use of La.Ch.Code art. 1355 to effect a stipulation, as that article applies only before institution of criminal proceedings. Additionally, because Mrs. Vallot has never been convicted of the criminal charge, the trial court had no authority to issue a support order pursuant to La.R.S. 14:74(D)(2). Thus, the only statutory authority for the trial court to issue a support order in this matter rests within the provisions of La.Ch.Code art. 1352.

9

The hearing officer in the Sixteenth Judicial District Court derives his authority to consider criminal non-support matters from Rules of Court—Sixteenth Judicial District Court, Rule 36.5, which references the authority provided in La.R.S. 46:236.5. That statute allows hearing officers to "[h]ear and make recommendations on enforcement of child and spousal support, including but not limited to proceedings under Children's Code Articles 1352 through 1355." La.R.S. 46:236.5(C)(3)(c). However, in exercising that authority, the hearing officer "*shall* act as a finder of fact and *shall* make written recommendations to the court." La.R.S. 46:236.5(C)(3) (emphasis added). Additionally,

> The written recommendation of the hearing officer *shall* contain all of the following:
>
> (a) A statement of the pleadings.
>
> (b) A statement as to the findings of fact by the hearing officer.
>
> (c) A statement as to the findings of law based on the pleadings and facts, including his opinion thereon.
>
> (d) A proposed judgment.

La.R.S. 46:236.5(C)(5) (emphasis added).

A party disagreeing with the hearing officer's ruling may file an objection with the trial court, and, if timely filed, the trial court "*shall* schedule a contradictory hearing where the judge shall accept, reject, or modify in whole or in part the findings of the hearing officer." La.R.S. 46:236.5(C)(6) (emphasis added). Further, "[i]f the judge *in his discretion* determines that additional information is needed, he may receive evidence at the hearing or remand the proceeding to the hearing officer." *Id.* (emphasis added).

In this matter, the hearing officer did not comply with the requirements of La.R.S. 46:236.5(C)(5) in that the record contains no statement of the pleadings, no findings of fact, no findings of law, and no proposed judgment. The trial court held a contradictory hearing, but had no information before it upon which to make a decision, as is evident by the questions asked of Mrs. Vallot by the trial court. Furthermore, the trial court ordered that Mrs. Vallot make her payments to the department despite the fact that no evidence exists that it was rendering services or that this was a FITAP case.

The most damaging defect in the record is the fact that it contains no evidence that Mrs. Vallot knowingly waived her right to counsel. This alone requires that we reverse the trial court judgment and remand this matter for further proceedings.

The legislature enacted La.Ch.Code art. 1352 by 1993 La. Acts No. 442, § 2, and it became effective on June 9, 1993. Its provisions with regard to a consent agreement had previously been incorporated into a former version of La.R.S. 14:75, and the supreme court had previously considered the same language in La.R.S. 14:75 and concluded:

> After defendant is charged with criminal neglect of family, the provisions of R.S. 14:75, 75.1 and 75.2 come into play. Some of these are necessarily criminal in nature. The defendant is entitled to counsel and if he cannot afford one, counsel must be appointed to represent him. The trial judge shall explain the defendant's rights to him (cf. the customary "Boykin" examination) before any proceeding under 14:75 is initiated.

*State v. Broussard*, 490 So.2d 273, 273-74 (La.1986).

In *State v. St. Pierre*, 515 So.2d 769, 773 (La.1987), the supreme court further stated:

> *Broussard* requires that a defendant be advised of *Boykin* protections at the time any stipulation of support is entered under R.S. 14:75. The provisions of that statute are "necessarily criminal in nature," as they

establish a means for the resolution of a pending criminal charge which
. . . is analogous to a plea bargaining agreement.

Given the status of the record before us and considering all of the matters discussed herein, we find that the trial court erred in rendering the judgment at issue ordering Mrs. Vallot to pay the department $200.00 together with administration costs per month as child support.

## DISPOSITION

For the foregoing reasons, we reverse the trial court judgment ordering Maureen Vallot to pay $200.00 and a five percent administration fee per month to the Louisiana Department of Social Services, Support Enforcement Division. We remand this matter to the trial court for further proceedings.

**REVERSED AND REMANDED.**