NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-781


STATE OF LOUISIANA

VERSUS

MAUREEN VALLOT GREENE


**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 03-J-935
HONORABLE KEITH R.J. COMEAUX, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Glenn B. Gremillion, Judges.

AFFIRMED.

A. C. Elias
Assistant District Attorney
Sixteenth Judicial District Court
P. O. Box 12222
New Iberia, LA 70560
(337) 369-4420
Counsel for Appellee:
        State of Louisiana

Maureen Vallot Greene
In Proper Person
7739 - A Main Highway
St. Martinville, LA 70582
(337) 364-7945

**DECUIR, Judge.**

This is a *pro se* appeal from a judgment denying a contempt order.

**FACTS**

Various aspects of this case have previously been before this court. Rather than restate the complicated history of the case, we adopt the general procedural and factual history contained in *State v. Vallot,* 05-532, pp. 3-9 (La.App. 3 Cir. 04/05/06), 926 So.2d 98*,* 100-03 by reference.

The issue presently before the court is based on a February 18, 2005 ruling of the trial court ordering the Sixteenth Judicial District Indigent Defender Board (IDB) to represent Maureen Vallot Greene. On June 21, 2005, Greene motioned this court to appoint counsel before the trial court and on appeal. In an unpublished opinion, this court denied the motion, indicating that Greene was required to seek enforcement of the February 2005 order in the trial court. *State v. Vallot,* 05-532 (La.App. 3 Cir. 11/09/05). On November 14, 2005, Greene filed a motion to enforce the trial court's February 2005 order. On November 17, 2005, the trial court again ordered the IDB to represent Greene. On December 12, 2005, Greene filed a rule to show cause why Craig Colwart of the IDB should not be found in contempt of court for failure to represent Greene. On December 21, 2005, the IDB filed a rule to show cause why the indigent defender appointment should not be traversed. On February 16, 2006, the trial court indicated that it would terminate the garnishment on Greene upon verification by the State of no payments in arrears. On March 22, 2006, the trial court denied Greene's rule to show cause why Colwart should not be found in contempt. On May 9, 2006, the court advised Greene that she had made all payments and that the State was willing to dismiss any and all charges against her and, therefore, there were proceedings before the court. The court further advised that she needed to file civil proceedings seeking a refund of monies paid.

In the interim, Greene lodged this appeal challenging the trial court's denial of her rule to show cause why Colwart should not be found in contempt.

## DISCUSSION

"To find a person or entity guilty of constructive contempt, it is necessary to find that he or it violated the order of court intentionally, knowingly and purposefully, without justifiable excuse. In making this determination, the trial court is vested with great discretion." *McCorvey v. McCorvey,* 05-1173, p. 4 (La.App. 3 Cir. 4/5/06), 926 So.2d 114, 117, *writ denied*, 06-959 (La. 6/16/06), 929 So.2d 1290. Appellate courts review contempt proceedings under the manifest error standard. *Id.*

After reviewing the record before us, we find no manifest error in the trial court's determination that a contempt order was not warranted.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are taxed to appellant, Maureen Vallot Greene.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.