# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-459


STATE OF LOUISIANA

VERSUS

BRIAN GANN


************

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 135,453
HONORABLE WILLIAM J. BENNETT, DISTRICT JUDGE

************

## MICHAEL G. SULLIVAN
## JUDGE

************

Court composed of Marc T. Amy, Michael G. Sullivan, and James T. Genovese, Judges.


**AFFIRMED WITH INSTRUCTIONS.**

James E. Beal
Louisiana Appellate Project
Post Office Box 307
Jonesboro, Louisiana  71251-0307
(318) 259-2391
Counsel for Defendant/Appellant:
        Brian Gann

Charles A. Riddle, III
District Attorney
Miché Moreau
Assistant District Attorney
Post Office Box 608
Marksville, Louisiana  71351
(318) 253-4551
Counsel for:
        State of Louisiana

**SULLIVAN, Judge.**

Defendant, Brian Gann, appeals his conviction of aggravated rape, asserting that the evidence was not sufficient to convict him of aggravated rape or any responsive verdict thereto. We affirm.

### *Facts*

After not having seen him for many years, the victim's mother met Defendant at a rodeo on April 9, 2006. The following week, Defendant visited the victim's mother and her three children daily. On April 15, 2006, the evening before Easter, the seven-year-old victim and her brother and sister went to Taco Bell with Defendant while their mother prepared their Easter baskets.

The victim fell asleep in Defendant's truck on the way home. She testified that upon arriving at home, Defendant carried her to her bedroom, laid her on her bed, removed her pants, pulled down her underwear, and performed oral sex on her. She immediately reported the offense to her mother, and her mother reported the matter to the authorities.

Defendant testified that when they returned from Taco Bell, he carried the victim to her bedroom, laid her on her bed, and removed her sandals and shorts. He stated that the victim's panties came down a little when he removed her shorts. He next testified that he asked the victim's sister to turn on the night light, but she could not, so he went to turn it on. When he returned to the victim, he removed her glasses, reached down and pulled up her panties, covered her, kissed her good night, then left the room. Defendant testified that the victim's sister was next to him when he removed the victim's shorts. He stated that he was in the victim's bedroom two to

1

three minutes. He also testified that he had been convicted of a sexual offense against another minor and that he was not supposed to be around children.

Defendant was indicted for aggravated rape, a violation of La.R.S. 14:42. He waived his right to a jury trial. After a bench trial, the trial court found him guilty as charged. He filed a Motion for Post Verdict Judgment of Acquittal/Motion for a New Trial which was denied. He was sentenced to life imprisonment without the benefit of probation, parole, or suspension of sentence.

## *Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. Review of the record revealed no errors patent. We note, however, that La.R.S. 15:537(A) requires all offenders convicted of aggravated rape be denied diminution of sentence. *See also State v. S.D.G.*, 06-174 (La.App. 3 Cir. 5/31/06), 931 So.2d 1244. The trial court informed Defendant that he was denied diminution of sentence, but the sentencing minutes do not reflect that he was so informed. Accordingly, the trial court is instructed to amend the sentencing minutes to reflect that Defendant was denied diminution of sentence as provided in La.R.S. 15:537(A) and that he was informed of the denial as provided in La.Code Crim.P. art. 890.1(B).

## *Sufficiency of the Evidence*

In his sole assignment of error, Defendant argues that the evidence was not sufficient to convict him of aggravated rape or any other responsive verdict. Specifically, he maintains that the victim's testimony was inconsistent with prior statements and that the physical evidence did not support her allegations.

The analysis for a claim of insufficient evidence is well-settled:

2

When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the triers of fact beyond the sufficiency evaluations under the *Jackson* standard of review. *See State ex rel. Graffagnino*, 436 So.2d 559 (*citing State v. Richardson*, 425 So.2d 1228 (La.1983)). In order for this Court to affirm a conviction, however, the record must reflect that the state has satisfied its burden of proving the elements of the crime beyond a reasonable doubt.

*State v. Kennerson*, 96-1518, p. 5 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, 1371.

The elements of aggravated rape are set forth in La.R.S. 14:42, which provides, in pertinent part:

A. Aggravated rape is a rape . . . where the anal, oral, or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:

. . . .

(4) When the victim is under the age of thirteen years. Lack of knowledge of the victim's age shall not be a defense.

Defendant does not dispute that the victim was seven years old at the time of the offense. Therefore, the sole issue is whether the evidence supports the victim's claim that Defendant performed oral sexual intercourse on her.

Defendant contends that the State failed to satisfy its burden of proof, arguing that there are inconsistencies between the victim's trial testimony and statements she made when she was interviewed shortly after the alleged incident occurred. He also

points to the lack of physical evidence as support for his claim that the State did not prove its case.

At the conclusion of the trial, the trial court found the victim to be credible, finding that her story was the same throughout the investigation and the trial. Conversely, the trial court questioned Defendant's actions with the victim and her family, in light of his previous conviction of a sexual offense against another child and his parole restriction that he not be around children. The trial court carefully reviewed Defendant's version of what occurred that evening and concluded that it made "no sense."

It is the role of the trier of fact to make credibility determinations. *Kennerson*, 695 So.2d 1367. If the trier of fact's credibility determinations are within the bounds of rationality, we cannot question those determinations unless it is "necessary to guarantee the fundamental due process of law." *State v. Kennedy*, 05-1981, p. 24 (La. 5/22/07), 957 So.2d 757, 793, quoting *State v. Mussall*, 523 So.2d 1305, 1310 (La.1988).

Defendant contends that there are inconsistencies between a pre-trial statement given by the victim and her trial testimony which establish reasonable doubt. The victim's statement given two days after the incident and her trial testimony are essentially the same. She stated that she went to Taco Bell with Defendant and her brother and sister and fell asleep on the way home. Once home, Defendant carried her to her bedroom where he laid her on her bed, pulled off her shorts, folded them, put them on the floor, then pulled her panties down on her legs. He then touched her vagina with his tongue while kneeling on the floor by her bed. She testified that his tongue went inside her vagina and that he moved it around, causing her some

4

discomfort. She further explained that she was laying with her eyes "kinda closed" and that she could see Defendant when it happened. She testified that her legs were never completely apart and that she remained still during the offense because she was scared to move. She stated that Defendant stopped when he heard her brother and sister coming toward her room, pulled up her panties, then left the room. She continued pretending to be asleep.

After Defendant left her room, the victim went to her mother in the living room and reported the offense by whispering in her ear. The victim's mother spoke with Defendant, and he left their home. She then reported the incident to the authorities.

Defendant first points to the victim's response when questioned whether he had licked her vagina one or more times that "he did it to another kid." The record establishes that the victim's mother told her that Defendant had done this after someone else had related that information to her. However, the victim clarified that Defendant had only done this to her once and admitted that she had never seen Defendant do this to another person.

Defendant argues that the victim's testimony that she had discussed this in advance with her mother and that her mother had told her to tell her if Defendant ever touched her also creates reasonable doubt as to the victim's claim. The victim's testimony makes it clear that her mother told her these things at different times. She testified that her mother had taught her the difference between good touch and bad touch and instructed her to tell her if *anyone* touched her inappropriately *before she met Defendant*. She also testified that *after* the family met Defendant and he began going to their home, her mother told her to report if he touched her inappropriately.

5

Defendant next urges that the victim's affirmative response when questioned whether her mother told her to say Defendant licked her indicates that the victim's mother told her what to say and is inconsistent with her other testimony. This argument overlooks the victim's clarification that her mother gave her this instruction prior to the incident as explained above. Furthermore, the victim's mother testified that the victim told her Defendant touched her vagina with something wet and that she did not know Defendant licked her until after the victim was interviewed by a child advocacy counselor three days after the incident.

Defendant points to the mother's testimony that he denied the victim's allegations when she confronted him after the victim reported his actions to her as support for his innocence. We view Defendant's denial of the victim's accusation as an attempt to exonerate himself, not as being "inconsistent" with the victim's testimony.

Defendant also relies on the testimony of a justice of the peace called to the scene shortly after the incident as support for his attack on his conviction. The justice of the peace testified that the victim's mother told him she could see Defendant when he was in the victim's room and that she had not seen anything. The evidence established that the justice of the peace was a friend of Defendant's parents and that the victim's mother was not questioned concerning this statement. Accordingly, we do not find the statement inconsistent with other evidence, and we find no error with the trial court's disregard of the implication of the statement.

Defendant next argues that the DNA evidence positively excluded him as the donor of any DNA found on the victim's panties. He maintains that the victim's testimony that her panties became wet during the process of him licking her and

pulling her panties back up could not be true because his DNA would have been in the wet spot on the panties. He contends that this establishes that a reasonable doubt exists as to whether he committed oral sex on the victim immediately prior to her moist panties being taken for testing.

The State points out that the DNA results were not submitted into evidence at trial; therefore, the trial court did not compare the DNA results with the victim's testimony. Additionally, we note that although the results are in the record, they were not introduced into evidence and cannot be considered on appeal. *State v. Vallot*, 05-532 (La.App. 3 Cir. 4/5/06), 926 So.2d 98. *See also State v. Crockharn*, 99-2367 (La.App. 4 Cir. 2/7/01), 780 So.2d 1079. Furthermore, the testimony of the victim alone is sufficient to prove the elements of sexual offenses, including rape, despite the lack of physical evidence. *State v. R.W.W.*, 06-1253 (La.App. 3 Cir. 3/7/07), 953 So.2d 131; *State v. Fanguy*, 94-143 (La.App. 3 Cir. 10/5/94), 643 So.2d 860, *writ denied*, 94-2726 (La. 4/21/95), 653 So.2d 563.

The only evidence regarding what occurred the evening of April 15, 2006 is the testimony of the victim and Defendant. The trial court believed the victim. We have reviewed the record and find no error with the trial court's credibility assessments. Therefore, we find no merit in Defendant's arguments.

### *Disposition*

Defendant's conviction is affirmed. The trial court is ordered to amend the sentencing minutes to accurately reflect that Defendant is not eligible for diminution of sentence pursuant to La.R.S. 15:537 and that he was so informed by the trial court, as provided in La.Code Crim.P. art. 890.1(B).

**AFFIRMED WITH INSTRUCTIONS.**

7